Sara Beth SMITH, Appellant,

v.

STATE of Indiana, Appellee.

No. 585S194.

Supreme Court of Indiana.

Jan. 16, 1987.

### In the Matter of Frank Isgrigg HAMILTON, Sr.

No. 16S00–8701–DI–18.

Supreme Court of Indiana.

Jan. 13, 1987.

486

Frederick T. Work, Scott King, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a jury verdict finding appellant guilty but mentally ill of the crime of murder. Appellant received a sentence of thirty (30) years.

There are five issues presented on appeal: (1) whether appellant was denied her right to a speedy trial; (2) whether the trial court erred in not permitting counsel for appellant to argue certain final instructions to the jury; (3) whether instances of prosecutorial misconduct denied appellant a fair trial; (4) whether there was insufficient evidence to support a verdict of guilty; and (5) whether the jury verdict of guilty but mentally ill was contrary to law.

These are the facts from the record which tend to support the determination of guilt: On July 19, 1984, appellant, Sara Beth Smith, shot Herbert Welch thirteen times, causing his death. Appellant was charged with murder and entered a special plea of insanity. Two court appointed psychiatrists testified appellant was insane at the time she committed the offense. The State's expert psychiatric witness testified appellant was not insane at the time of the offense. The jury returned a verdict of guilty but mentally ill of the crime of murder.

I

Appellant contends she was denied her right to a speedy trial and therefore she should have been discharged prior to trial. Appellant filed a motion for speedy trial on July 31, 1984, and the case was scheduled for trial on September 24, 1984. The cause was then continued and appellant was brought to trial on October 15, 1984, 76 days from the filing of her motion for speedy trial. Pursuant to Indiana Rules of Criminal Procedure 4(B), a defendant who files a motion for speedy trial shall be discharged if not brought to trial within 70 days of the filing of said motion.

The delay was due to the granting of State's motion for continuance pursuant to Indiana Rules of Criminal Procedure 4(D). Rule 4(D) provides:

"If when application is made for discharge ..., the court be satisfied that there is evidence for the state, which cannot then be had, [and] that reasonable effort has been made to procure the same ... the cause may be continued ...

[if defendant is] brought to trial ... within ... [an] additional ninety (90) days...."

State's expert psychiatric witness, Dr. Wettstein, was unavailable to testify until after October 11, 1984. State, on September 19, 1984, moved to continue the September 24, 1984, trial setting due to the unavailability of their expert witness and the motion was granted. Appellant contends that the grounds asserted in State's motion for continuance were insufficient to meet the requirements of Rule 4(D). Appellant asserts the State failed to demonstrate that it made a reasonable effort to produce the expert testimony and to show that the expert testimony was in fact unavailable.

█ While the State did delay in acquiring an expert psychiatric witness, and did fail to ascertain Dr. Wettstein's availability for the trial setting, the motion for continuance complied with Rule 4. Appellant urges that the State could have procured another expert to provide the same opinion testimony as that of Dr. Wettstein. However, Rule 4(D) does not mandate the evidence be essential or unique, only that it be unavailable and that the State be entitled to present it. Further, the granting of the continuance only delayed the trial six days past the time limit. Criminal Procedure Rule 4 provides a method for continuing the start of a proceeding past the 70 day date. The State complied with the directives of that rule and the commencement of trial on the 76th day did not violate appellant's rule right to a speedy trial.

## II

Appellant contends the trial court erred in not permitting counsel to refer to certain final instructions during closing argument. Final Instructions No. 15 and 16 referred to the sentencing consequences of a verdict of insanity and of guilty but mentally ill. Appellant alleges the trial court committed fundamental error by agreeing to give the instructions on the condition that appellant's counsel not refer to them in final argument. Appellant acknowledges that this condition does not appear as part of the record and that the trial court was not required to give the instructions.

█ The State contends that since the record does not reflect appellant's claim, there is no error presented for review. However, Rule 59(H) of the Indiana Rules of Trial Procedure provides the procedure to be followed when basing a motion to correct error on evidence outside the record of the proceedings. Rule 59(H) calls for affidavits accompanying the motion to correct error and appellant complied with the rule. The State had an opportunity to dispute the contents of the affidavit prior to the ruling of the trial court on the motion to correct error. Therefore, the question of the propriety or impropriety of the trial court's action is properly before the court.

█ Based upon the contents of the affidavit, appellant asserts that once a determination to give the instruction has been made, it is fundamental error to prevent reference to the instruction. Appellant states there is a right to review and refer to principles of law that a trial judge has indicated he will give to the jury. While this is the general rule, the consequences of verdicts of insanity and guilty but mentally ill are not principles of law, rather sentencing ramifications. Under Indiana law, juries play no role in the sentencing in non-capital cases. It is generally inappropriate both to give an instruction identifying specific penal consequences of a determination of guilt and to permit detailed comment during final argument. However, in cases involving the insanity defense, there will be increased speculation on the part of the jury on the differences in sentencing between verdicts of guilty, guilty but mentally ill and not responsible by reason of insanity. In order to dispel the speculation and to focus the jury on the issue of guilt, rather than possible punishment, an instruction explaining the consequences of each determination in a general way can be appropriate and beneficial to the accused. While the giving of instructions explaining the penal consequences of each verdict by consent will not lead ordi-

narily to reversible error, allowing comment during final argument would place the fairness of the determination of guilt or innocence at great risk since it would unduly focus the jury's attention on the sentencing. Here, the restriction upon counsel was not error.

## III

■ Appellant cites several actions by the prosecutor which she classified as misconduct and argues that the cumulative effect of these actions denied appellant a fair trial. In order to judge whether appellant was denied a fair trial, it must be determined whether the actions by the prosecution were in fact misconduct and whether those actions subjected appellant to a grave peril to which she would not otherwise have been subjected. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d. 843.

■ Appellant identifies three instances which she classified as misconduct. In the first, the prosecution characterized the shooting of Welch as a "blowing away" of the victim. The trial court admonished the jury to disregard this statement and admonishment is generally considered sufficient to cure an error of this nature. The second instance involved admission of testimony relating oral statements made by the appellant. Appellant claims she had no knowledge of these statements. However, the name of the witness was set forth on the witness list and the trial court correctly ordered a recess to permit the defense to interview the witness. *Chandler v. State* (Ind.1981), 419 N.E.2d. 142. Thirdly, appellant alleges prosecutorial misconduct due to the State's failure to provide the defense with a copy of a psychological report relied upon by State's expert psychiatric witness, Dr. Wettstein. The defense deposed Dr. Wettstein and at the deposition he stated he had relied in part upon test results from a psychologist. Dr. Wettstein stated he had the psychologist's notes, which he provided, and had discussed the results over the telephone, but had yet to receive the report from the psychologist.

The State provided appellant with a copy of the report the morning Dr. Wettstein was to testify. Appellant was granted a recess to examine the report and when asked by the trial judge the amount of time needed, requested only 15 minutes. Appellant did not request a continuance or indicate she needed more time to examine the report. Appellant knew the report was in the process of preparation and had ample opportunity to examine Dr. Wettstein regarding the psychologist's findings. Aside from the comment about "blowing away" the victim, the actions did not amount to misconduct by the prosecution. The trial court took appropriate measures to remedy potential harm to the appellant and there was no "grave peril" depriving her of a fair trial.

## IV

■ Appellant contends that there was insufficient evidence to support a verdict of murder. Appellant asserts the State failed to rebut the evidence of sudden heat. When the factor of sudden heat is introduced into the case, the State has the burden of negating the presence of sudden heat beyond a reasonable doubt. The State may meet this burden be rebutting the defendant's evidence or by affirmatively showing in its' case in chief that the defendant was not acting in sudden heat when the killing occurred. *Palmer v. State* (1981), Ind., 425 N.E.2d. 640, 644–45.

■ Appellant contends her own statement that she acted in sudden heat was not rebutted by the State. However, the State presented evidence that appellant had previously stated she wanted Welch dead and that she blamed him for her marital difficulties. Further, Appellant armed herself with the gun and bullets before leaving to go to the bank with her ex-husband, then left the car, walked to Welch's business, and killed him. The only evidence of sudden heat came from appellant and the State presented evidence to the contrary. Whether or not the defendant acted under sudden heat was a question for the jury to resolve. *Estes v. State* (1983), Ind., 451

N.E.2d. 313, 314. The evidence is sufficient on appeal to support the jury's finding that the appellant knowingly killed the decedent as charged in the information and that when she did so she was not acting in sudden heat.

### V

Appellant contends the verdict was contrary to law because the evidence showed she was clearly insane. While there was strong evidence supporting appellant's plea of insanity, in reviewing such an error, the applicable standard of review is as follows:

> "It is only where evidence is without conflict and leads to but one conclusion and the trier of fact has reached an opposite conclusion, that the decision predicated upon such finding will be disturbed as being contrary to law." *Green v. State* (1984), Ind., 469 N.E.2d. 1169, 1171, citing *Turner v. State* (1981), Ind., 428 N.E.2d 1244, 1246.

 The State presented expert psychiatric testimony that appellant was sane, contradicting the opinions of the two court appointed psychiatrists. Additionally, a jury may disregard psychiatric testimony and instead rely upon lay testimony as to sanity. Given the evidence presented by the State, the verdict of guilty but mentally ill was not contrary to law.

The conviction is affirmed and petition for oral argument is denied.

GIVAN, C.J., and PIVARNIK, SHEPARD, JJ., concur.

DICKSON, J., concurs in result.