James M. RAUB, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 785S270.

Supreme Court of Indiana.

Dec. 30, 1987.

William R. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant James M. Raub challenges his conviction for murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.). The trial court sentenced Raub to forty years in prison.

On direct appeal, Raub raises two issues:

1) Whether the evidence is sufficient to support the murder conviction despite Raub's introduction of evidence about sudden heat, and

2) Whether the trial court properly admitted four photographs.

The evidence at trial established that Raub killed Russell F. Taskey during the early morning hours of January 28, 1984. Taskey came home from work at 4:30 p.m. on January 27, bringing with him a case of beer, two bottles of liquor, and some mixers. Taskey and Raub spent the evening drinking and smoking marijuana in Taskey's apartment. Raub had lived with Taskey for about a month. He had been hitchhiking when Taskey picked him up. Raub told Taskey he had broken up with his girlfriend, had been kicked out of his stepfather's house, and had nowhere to go. Taskey allowed Raub to sleep on the floor of his apartment and offered to pay twenty dollars a week if Raub would clean the place.

Raub testified that Taskey raped him on the night of the killing. Around three o'clock in the morning, Taskey got up to get another beer. He came back into the living room. Taskey then told Raub he was going to have sexual intercourse with him. Raub testified Taskey hit him three times and said he would beat Raub up if he did not submit. Taskey ripped the back of Raub's pants. Then, according to Raub's testimony, Taskey anally raped him.

Raub said he was hurt, embarrassed, and humiliated. He lay down and cried for three or four minutes. He got up, went to the kitchen, and grabbed a knife. Raub proceeded to the bedroom where Taskey was lying on the bed facing him. Taskey asked Raub what he was doing with the knife. Raub told him he was hurt. Taskey laughed. Raub said he became enraged and plunged the knife into Taskey's chest.

He grabbed Taskey, pulled him off the bed and dragged him to the door. Raub realized the neighbors might look through their peep holes and see him dragging the body with a knife in the chest, so he ripped small pieces of paper from a magazine and covered the peep holes.

Raub continued to drag the body outside. Some neighbors who were just coming home saw Raub with the body. One of them asked Raub if something was wrong. Raub replied that they had been drinking and his friend fell and hit his head. The neighbors went inside and called an ambulance. Upon hearing the sirens, Raub jumped into a car and left.

At trial the State called a doctor to testify about his examination of Raub on the day of the crime. The doctor stated that although there was evidence of a history of anal rape, there was no evidence of a recent rape. The doctor also found mild tenderness in Raub's jaw but no fractures or contusions.

### I. *Sufficiency of Evidence*

Raub argues the evidence is insufficient to establish malice and the absence of sudden heat. Murder is the knowing or intentional killing of another human being. Ind.Code § 35–42–1–1. Malice is not an element of murder. *Brown v. State* (1987), Ind., 503 N.E.2d 405. Because murder no longer embodies the element of malice, the distinguishing factor between murder and manslaughter is sudden heat. *McCann v. State* (1984), Ind., 466 N.E.2d 421.

Sudden heat is "sufficient provocation to excite in the mind of the defendant such emotions as either anger, rage, sudden resentment, or terror as may be sufficient to obscure the reason of an ordinary man...." *Hardin v. State* (1980), 273 Ind. 459, 463, 404 N.E.2d 1354, 1357. When sudden heat is introduced into the case, the State has the burden of negating the presence of sudden heat beyond a reasonable doubt. *Smith v. State* (1987), Ind., 502 N.E.2d 485. When the trial court in a murder case instructs the jury on the lesser included offense of voluntary manslaughter it is for the jury to decide wheth-

er the defendant acted in a heat of passion or with deliberate intent to kill. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

To determine if the evidence is sufficient, this Court will look to the evidence favorable to the verdict and will draw reasonable inferences from that evidence. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. We will not weigh evidence or assess witness credibility to judge whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Abner v. State* (1986), Ind., 497 N.E.2d 550.

The State showed that despite Raub's assertion he was dragging Taskey to a car to take him to the hospital, the path of the blood indicated he was taking the body to a nearby trash dump. Raub admitted covering the peep holes to conceal the body from the neighbors, and the State showed that a telephone cord had been cut in the apartment. These facts further the inference that Raub did not act in sudden heat.

While Raub claims Taskey raped him, the physical evidence is inconclusive. Raub's pants were torn in back and he did have some tenderness in the jaw, but scientific tests on Raub for seminal fluid and sperm were negative.

The jury weighed the evidence and assessed the credibility of Raub and the other witnesses. It received the court's instruction on voluntary and involuntary manslaughter. The jury reasonably found Raub guilty of murder beyond a reasonable doubt.

### II. *Admission of Photographs*

Raub argues the trial court erred when it admitted four photographs. Admission of photographic evidence rests within the trial court's discretion, and on appeal we will not disturb the ruling unless it is clearly erroneous. *Thornton v. Pender* (1978), 268 Ind. 540, 377 N.E.2d 613.

*Exhibit 2.* The State offered a photograph of the parking lot where Raub carried Taskey's body. The photograph depicted the neighbor's truck and the empty

parking spot from which Raub drove the car. Raub's counsel objected because the sponsoring witness did not know whether the photograph was actually taken on the night of the crime. The trial court admitted the exhibit because it accurately depicted the scene.

A photograph is competent evidence if it truly and accurately represents that which it purports to depict. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, *cert. denied,* — U.S. —, 107 S.Ct. 910, 93 L.Ed.2d 860. Although the sponsoring witness did not take the photograph and did not know exactly when it was taken, he did say the photograph was a true and accurate representation of the parking lot on the morning of January 28, 1984. That is enough.

[8] *Exhibits 8a, 8b, 8c.* Raub claims the trial court erred when it admitted three color photographs of Taskey's body. He maintains the pictures were cumulative and prejudicial.

Raub suggests the photographs are cumulative of Exhibit 9 and Exhibit 17. State's Exhibit 9 only shows Taskey's foot in a photograph of the parking lot. State's Exhibit 17 is another photograph of the parking lot with a view of Taskey's entire body. The wound is not visible. Exhibit 8a is a similar, though closer, picture. The State, however, presented Exhibit 8a before offering Exhibit 17. Therefore, Exhibit 8a cannot be cumulative of an exhibit that was not yet in evidence. The photographs are not cumulative.

Raub posits the potential prejudice of the photographs outweighs their probative value. Photographs of murder victims are admissible if they provide relevant evidence and their value is not outweighed by their tendency to inflame the passions of the jury against the defendant. *Richardson v. State* (1985), Ind., 476 N.E.2d 497. To the extent the three photographs provide different views of Taskey's body and the wound, they are relevant. Though the photographs are gruesome and bloody, they represent the unfortunate reality. *Fine v. State* (1986), Ind., 490 N.E.2d 305.

*Exhibit 33.* The trial court admitted over objection a photograph of money found on Raub at the time of his arrest. Raub argues the exhibit is irrelevant to the murder and prejudicial to his defense. He suggests the jury might infer that Raub robbed Taskey, though robbery was neither alleged nor proved. While the money had little or no probative value, it also had little or no prejudicial effect. The court already had admitted without objection Taskey's wallet and checkbook, found on Raub, providing adequate inference of financial motivation if anyone thought that was pertinent. Admission of this photograph was neither helpful nor harmful.

*Exhibit 64.* Finally, Raub challenges the admission of a photograph of Taskey prior to his death. He maintains the exhibit's prejudice outweighs its probative value. This Court has previously held the admission of a photograph of a murder victim as she appeared before her death was not error. *Shelton v. State* (1986), Ind., 490 N.E.2d 738, 742–743.

The trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.