**Jamie WISEMAN, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 49A02–9201–PC–43.**

Court of Appeals of Indiana,
Second District.

Oct. 21, 1992.

Rehearing Denied Dec. 15, 1992.

Susan K. Carpenter, Public Defender, Victoria Christ, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

SHIELDS, Judge.

Jamie Wiseman appeals an adverse judgment on his petition for post-conviction relief. We affirm.

## ISSUE

The issue on appeal is whether the post-conviction court erred in determining Wiseman was not denied effective assistance of appellate and trial counsel.

## FACTS

The supreme court's decision in Wiseman's direct appeal affirming his conviction of one count of forgery and seven counts of theft appears at *Wiseman v. State* (1988), Ind., 521 N.E.2d 942. Wiseman appeals his subsequent unsuccessful efforts to obtain post-conviction relief on the grounds of ineffective assistance of trial and appellate counsel.

## DISCUSSION AND DECISION

In the post-conviction court, and on appeal, Wiseman claims he was denied effective assistance of trial and appellate counsel on the basis of several particulars, all of which are based upon two underlying issues: whether he was denied his right to a speedy trial and whether his trial counsel was ineffective for failing to seek alternative methods for the admission of the testimony of an unavailable State's witness to negate the ground for the State's motion to continue his timely trial date.

Following Wiseman's speedy trial request[1] on August 5, 1985, the trial court set his trial for October 7, 1985. On October 2, 1985, the State filed a verified motion for continuance of the October 7, 1985 trial date due to the unavailability of Detective Cotton, an investigating officer whose name was endorsed on the information.

The motion included a statement of Det. Cotton's expected testimony. The motion further stated that because certain other State's witnesses would be unavailable on subsequent dates, the first available date for Wiseman's trial would be October 21, 1985. The trial court granted the State's motion over Wiseman's objection and reset the cause for trial on October 21, 1985. On October 18, 1985, Wiseman filed a motion for discharge which was denied by the trial court. Wiseman's trial commenced October 21, 1985.

Wiseman's right to a trial within seventy days of a speedy trial request is not absolute. Ind.Crim.Rule 4(D)[2] extends the time in which a defendant must be tried by an additional ninety days if "the court is satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days...."

Wiseman, however, argues Crim.R. 4(D) is unavailing because his trial was continued *before* he made his application for discharge and the rule provides, "If when application is made for discharge of a defendant under this rule...."

 The rule reads as Wiseman claims. However, the obvious intent of Crim.R. 4(D) is to permit the State to obtain a ninety day extension of time within which a defendant who has exercised his Crim.R. 4 right to a speedy trial must be tried. This intent is not violated by viewing the rule as merely setting the outer limit for a timely application by the State for the extension. In this manner, any continuance sought by the State because of unavailable evidence that is believed available within ninety

---

1. Ind.Crim.Rule 4(B)(1) provides, in relevant part:

 If any defendant held in jail ... shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion....

2. Ind.Crim.Rule 4(D) reads:

 If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state,

which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

days, and which will result in a trial date beyond the time limitations of Crim.R. 4, is timely if filed at any time up to and including the time of the defendant's motion for discharge. In fact, although the issue has not been addressed specifically by our supreme court, the court implicitly has given the rule this interpretation.

For example, in *Smith v. State* (1987), Ind., 502 N.E.2d 485, the defendant filed a motion for speedy trial on July 31, 1984; her case was scheduled for trial on September 24, 1984. However, the case was continued on the State's motion because a State's witness was unavailable to testify until after October 11, 1984. The trial was reset and commenced on October 15, 1984, seventy-six days after the filing of the defendant's motion for speedy trial. The supreme court discussed Smith's claimed Crim.R. 4 violation without any concern for the fact that the continuance was granted prior to the defendant filing her motion for discharge *after* the expiration of the 70 day Crim.R. 4 period. Similarly, in *Kindred v. State* (1988), Ind., 524 N.E.2d 279, the defendant filed a motion for speedy trial on May 8, 1984; trial was scheduled for July 13, 1984. On July 11, the State filed a motion for continuance due to the unavailability of two State's witnesses. The trial was subsequently continued beyond the seventy day period. Again, the supreme court addressed the merits of Kindred's Crim.R. 4(B) argument by reference to Crim.R. 4(D) although the State's motion for continuance was granted prior to Kindred filing a motion for discharge after the expiration of the seventy day period.

Thus, on the State's motion made in response to the defendant's motion for discharge or at any earlier time in the prosecution, the time within which a defendant who has demanded a speedy trial may be timely tried may be extended by an additional ninety days if the court is satisfied there is State's evidence which cannot be had on the timely trial date but that will be available within ninety days.

Next, we consider the sufficiency of the State's "reasonable efforts." Wiseman argues the State failed to make the required showing of reasonable effort to procure the unavailable evidence in that the State's efforts to prepare for trial were more concerned with obtaining impeaching evidence or evidence relevant to sentencing than with evidence to prove its case in chief.

In response to the argument that the State could have procured another expert witness to testify in lieu of the unavailable witness, our supreme court said in *Smith:* "However, Rule 4(D) does not mandate the evidence be essential or unique, only that it be unavailable and that the State be entitled to present it." *Smith,* 502 N.E.2d at 488. In *Kindred* one of the unavailable witnesses was a handwriting expert who had not yet examined the allegedly forged checks at the time of the State's motion for a continuance based on the expert's absence filed two days before the scheduled trial. The supreme court noted that "[t]he absence of a key witness through no fault of the State is good cause for extending the time period requirements for an early trial." *Kindred,* 524 N.E.2d at 290.

■ We conclude that when the unavailable evidence is a particular witness, the reasonable effort requirement of Crim.R. 4(D) addresses the State's lack of fault in procuring the absence of the witness.

■ In summary, the trial court did not err in granting the State's motion to continue Wiseman's October 7, 1985 trial date. Therefore, there is no basis for any claim of ineffective counsel, trial or appellate, based upon Wiseman's Crim.R. 4(B) motion for speedy trial.

■ Wiseman argues his trial counsel's performance was ineffective in that counsel failed to defeat the State's motion for a continuance of the October 7 trial by stipulating the absent witness would testify to the facts alleged in the State's motion as provided in IC 35–36–7–2(a) (1988),[3] by

---

**3.** IC 35–36–7–2(a) (1988) reads, in relevant part:
 (a) A prosecuting attorney may move to postpone the trial of a criminal cause because of the absence of a witness whose name is endorsed on the indictment or information, if he makes an official statement:

agreeing to the deposition of the absent witness, or by simply stipulating to a statement of the witness's testimony.[4] Considering that the delay in Wiseman's trial resulted in his trial commencing a mere seventy-seven days after he made his speedy trial request, it is hard to conceive of a better example of trial strategy and tactics than the decision to wait seven days in order to have a face-to-face confrontation and opportunity to examine a witness, hoping for a favorable turn of events, rather than to stipulate testimony and be assured that the favorable event will not occur.

The post-conviction court did not err in refusing to grant Wiseman relief because his trial counsel failed to pursue other methods of procuring the testimony of an unavailable State's witness.

Judgment affirmed.

CHEZEM, J., concurs.

SULLIVAN, J., concurs with separate concurring opinion.

SULLIVAN, Judge, concurring.

The majority states:

"The rule reads as Wiseman claims. However, the obvious intent of Crim.R. 4(D) is to permit the State to obtain a ninety day extension of time within which a defendant who has exercised his Crim.R. 4 right to a speedy trial must be tried." At 1376.

*Kindred v. State* (1988) Ind., 524 N.E.2d 279, and *Smith v. State* (1987) Ind., 502 N.E.2d 485, cited by the majority, are consistent with this interpretation of the Rule. Nevertheless, such interpretation does violence to the clear language of the Rule itself.

(1) containing the requirements of subsections (b)(1) and (b)(2) of section 1 of this chapter;
(2) showing that the absence of the witness has not been procured by the act of the prosecuting attorney;
(3) stating the facts to which he believes the witness will testify, and include a statement that he believes these facts to be true; and
(4) stating that the prosecuting attorney is unable to prove the facts specified in accordance with subdivision (3) through the use

To modify or abrogate trial or appellate rules by case decision is not the preferred course. Such amendments should be brought about by a change of the language of the Rule, and then only by our Supreme Court. *Cua v. Morrison* (1992) Ind.App., 600 N.E.2d 951 (Sullivan, J. concurring, joined by Sharpnack, C.J.).

of any other witness whose testimony can be as readily procured.

4. We agree the post-conviction court erred when it failed to enter findings of fact on this issue. A claim of ineffective appellate counsel based upon specific acts of omission or commission cannot be addressed by a perusal of counsel's *general* conduct. However, we reach the issue because we conclude that as a matter of law the conduct of Wiseman's counsel was not ineffective.