**Frederick GRIFFIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A05–9704–CR–163.

Court of Appeals of Indiana.

June 15, 1998.

John S. Nimmo, Fort Wayne, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

Frederick Griffin appeals his convictions for possession of cocaine, a class C felony, and possession of marijuana, a class D felony. He raises two issues for our review, which we restate as follows:

1) whether the trial court erroneously set the date of his trial outside the 70–day time frame after he requested a speedy trial pursuant to Ind.Crim. Rule 4; and

2) whether he was denied his right to an impartial jury when a computer error excluded a large portion of a township from the county jury pool.

We affirm.

The facts most favorable to the judgment follow. On October 20, 1994, Griffin was arrested for public intoxication. When police searched him, they found crack cocaine and marijuana on his person. The State charged him with possession of cocaine and possession of marijuana.

On May 17, 1995, Griffin requested a speedy trial, and the trial court set the trial for July 25, 1995. On June 1, 1995, the State filed a motion for continuance stating that a chemist for the State Police was unavailable to testify on the date set for trial. Over Griffin's objection, the trial court granted the motion for continuance and reset the trial for August 23, 1995, which was ninety-eight days after Griffin's request for a speedy trial. Prior to trial, Griffin moved for discharge pursuant to Crim.R. 4, but the trial court denied the motion.[1]

## I.

■ The first issue raised is whether the trial court erroneously set Griffin's trial outside the seventy-day time frame after he requested a speedy trial pursuant to Crim.R. 4(B)(1). This rule does require a defendant to be brought to trial within seventy days of a motion for a speedy trial. Crim.R. 4(B)(1). However, Crim.R. 4(D) provides for an extension of this seventy-day period as follows:

"(D) If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged."

---

1. This trial eventually resulted in a mistrial and Griffin was later retried and convicted. However, it is the timing of this first trial which is challenged on appeal.

In other words, "the time within which a defendant who has demanded a speedy trial may be timely tried may be extended by an additional ninety days if the court is satisfied there is State's evidence which cannot be had on the timely trial date but that will be available within ninety days." *Wiseman v. State*, 600 N.E.2d 1375, 1377 (Ind.Ct.App. 1992), *reh'g denied, trans. denied.* Furthermore, when the unavailable evidence is a particular witness, the "reasonable effort" requirement of the rule is satisfied where the State is not at fault for the absence of the witness. *Id.*

In its motion for continuance, the State explained that a witness was unavailable for the trial date of July 25, 1995 (sixty-nine days after the speedy trial motion), because of a previous arrangement to be out of the country. The trial court granted the State's motion and reset the trial date for August 23, 1995, (ninety-eight days after the speedy trial motion). Because the State did not procure the absence of the witness, the trial court was within its power under the statute to extend the speedy trial period by ninety days. As such, the new trial set for twenty-eight days after the expiration of the seventy-day period was timely.

Nevertheless, Griffin additionally asserts that the trial court was required to determine that the witness was unavailable not only on the date set for trial, but also on any other date between the date of the motion for continuance and the expiration of the seven-ty-day period. Because the original date for the trial was set at the sixty-ninth day, Griffin argues that the trial court was required to first justify why the trial could not be re-scheduled earlier than day sixty-nine or on day seventy.[2] We disagree.

First, Griffin cites no authority for his assertion that the trial court is required to make such a determination and, thus, has waived our review of this particular contention. Ind. Appellate Rule 8.3(A)(7); *Berger v. Berger*, 648 N.E.2d 378, 381 (Ind.Ct.App. 1995). Waiver notwithstanding, we do not find any language in Crim.R. 4(D) that requires the trial court to examine every other remaining day in the 70-day period before selecting a date within the 90-day extension period once the statutory requirement for the extension has been met. Therefore, we hold that under the express language of the rule the trial court's rescheduling of the trial 28 days beyond the 70-day period due to the unavailability of a witness was authorized by Crim.R. 4(D).[3]

## II.

The second issue raised is whether Griffin was denied his right to an impartial jury when a computer error excluded a large portion of a township from the county jury pool.[4] During the selection of the jury venire for Allen County, a computer error resulted in the exclusion of a large portion of Wayne Township from the pool. The problem was

2. Griffin also asserts that the reason for the unavailability is vague and he suggests that if the reason for the unavailability was a vacation rather than official business, the unavailability of the witness should fall outside the rule. However, the supreme court has previously held that a vacation abroad is sufficient justification for invoking the 90-day extension under the rule. *Sims v. State*, 267 Ind. 215, 368 N.E.2d 1352, 1354–1355 (1977). Furthermore, to qualify for an extension, the unavailability of a witness must simply be due to no fault of the State. *Wiseman*, 600 N.E.2d at 1377.

3. In his argument, Griffin also refers to Ind.Code § 35–36–7–2, which provides for the postponement of a trial on the motion of the prosecutor. Because Griffin fails to offer a cogent argument or any citation to authority regarding how this statute relates to his speedy trial argument, he has waived any consideration of any such argu-ment. App.R. 8.3(A)(7); *Berger*, 648 N.E.2d at 381. In any event, this statute merely compels the trial court to grant a continuance in clearly delineated circumstances but does not affect the trial court's general discretion with respect to such motions. *Bates v. State*, 520 N.E.2d 129, 131 (Ind.Ct.App.1988), *reh'g denied, trans. denied.* Notwithstanding Griffin's failure to offer a cogent argument with respect to this statute, we do not find that this section has any direct impact on his argument.

4. We note that this same computer error affected other defendants tried in Allen County around the same time. This court has decided two other appeals from defendants raising this same issue. *See Townsend v. State*, No. 02A03–9611–CR–405, 683 N.E.2d 1363 (Ind.Ct.App. July 30, 1997); *Portee v. State*, No. 02A04–9702–CR–57, 694 N.E.2d 784 (Ind.Ct.App. March 25, 1998) In both of these appeals, the convictions were affirmed.

detected after Griffin's trial. Following discovery of the problem, the situation was immediately corrected. Griffin asserts that because Wayne Township contained the largest percentage of the county's African–American population, the exclusion constituted both a denial of equal protection of the law as well as a violation of the Sixth Amendment requirement that the jury venire consist of a fair cross-section of the community. We will address each of these contentions in turn.

■ Indiana Code § 33–4–5–2 establishes the method by which jury venires are selected in the State of Indiana. The primary goal of the jury selection process is to produce a reasonable cross-section of the community. *Peoples v. State*, 649 N.E.2d 638, 639 (Ind.Ct. App.1995). This court, however, has refused to hold that jury panels must constitute a microcosm of a county or a court district. *Peoples*, 649 N.E.2d at 639. The statutory selection methods are designed to remove any suspicion of favoritism or advantage in the jury selection process. *Id.* at 639–640.

■ Griffin argues that he was denied equal protection of the laws when members of his race were excluded from the jury. To succeed under the Equal Protection Clause of the Fourteenth Amendment, Griffin must show purposeful discrimination. *See Batson v. Kentucky*, 476 U.S. 79, 88, 106 S.Ct. 1712, 1718, 90 L.Ed.2d 69 (1986), *modified by Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Smith v. State*, 658 N.E.2d 910, 915 (Ind.Ct.App.1995), *trans. denied.* The defendant labors under the heavy burden of making a *prima facie* showing of invidious purposeful discrimination. *Smith*, 658 N.E.2d at 915.

■ Griffin has failed to meet this burden. Any error in the selection of the jury venire was due to a technical problem and, thus, was inadvertent. Further, the problem was remedied immediately upon discovery.

■ Griffin also focuses on the fair cross-section requirement of the Sixth Amendment to the United States Constitution. To establish a *prima facie* violation of the fair cross-section requirement, a defendant must show:

"(1) that the group alleged to be excluded is a 'distinctive' group in the community;
(2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process."

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979); *see also Smith*, 658 N.E.2d at 916. Only after a defendant establishes a *prima facie* case does the burden shift to the state to advance a significant state interest for which the process is utilized. *Duren*, 439 U.S. at 368, 99 S.Ct. at 671.

■ Griffin alleges that the computer error excluded a large percentage of the county's African–American population which resulted in an under representation of this group. However, Griffin has failed to carry his burden of establishing a *prima facie* case of a violation of the fair cross-section requirement because he has not shown that any possible under representation was due to systematic exclusion or that the process is inherently discriminatory. *See id.* at 364, 99 S.Ct. at 668–69; *Smith*, 658 N.E.2d at 916. Allen County's jury selection process was designed to provide a fair cross-section of the community by randomly selecting jurors. The technical error that caused the exclusion of a particular portion of the population was not an inherent part of the design of the selection process and was promptly corrected upon discovery. Because Griffin has not shown that any possible exclusion of a distinctive group was systematic, his fair cross-section argument fails. *See Duren*, 439 U.S. at 364, 99 S.Ct. at 668.

In sum, we hold that Griffin has failed to sustain his burden to show that any possible exclusion of a distinctive group was either purposeful under an equal protection argument or systematic under a fair cross-section argument.

For the foregoing reasons, we affirm Griffin's convictions.

Affirmed.

HOFFMAN and DARDEN, JJ., concur.