Lannell CHAMBERS, Sr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 52A04–0511–CR–634.

Court of Appeals of Indiana.

May 30, 2006.

Transfer Denied Aug. 24, 2006.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBB, Judge.

Lannell Chambers, Sr. was found guilty following a jury trial of three counts of dealing in cocaine as a Class B felony. The trial court sentenced Chambers to three concurrent fifteen-year sentences. Chambers now appeals his convictions and his sentence. We reverse.

### Issue

Chambers raises two issues for our review. We find the first issue raised by Chambers to be dispositive, and we restate it as whether the trial court properly denied Chambers' motion to dismiss pursuant to Indiana Criminal Rule 4(B).

### Facts and Procedural History [1]

On June 22, June 23, and July 7, 2004, Chambers sold cocaine to John Featherstone, a police informant. Chambers was arrested on July 16, 2004. On July 21, 2004, the State charged Chambers with one count of dealing in cocaine as a Class A felony, three counts of dealing in cocaine as a Class B felony, two counts of possession of cocaine as a Class D felony, and three counts of maintaining a common nuisance as a Class D felony. Chambers filed a motion, pursuant to Criminal Rule 4(B), requesting a speedy trial on September 3, 2004. The trial court granted this motion, thus giving the State seventy days, or until November 12, 2004, to bring Chambers to trial. The trial court scheduled Chambers' jury trial for October 25, 2004.

At a pre-trial hearing on October 11, 2004, the State made a motion to continue the trial pursuant to Criminal Rule 4(D). The State informed the trial court:

> I'm asking for a Motion to Continue that [sic] trial due to the lack of ah evidence ah received from the Indiana State Police Laboratory. We do have ah I would say two ... two thirds of the items received back as of Friday. There is still an item left out there. Um, unknown and I could have it today, I could have [sic] tomorrow. I don't know, I can't predict when their [sic] gonna give it to me, but I do know that you're required to send out a venire two weeks ahead of time. A speedy trial motion was filed September 3rd, um you'd have 70 days from that date. Also within the ah Criminal Rule 4 rules, there's a provision that ... that date may be ex ... extended 90 days for the inabil ... unavailability of evidence.
>
> * * *
>
> [A]s soon as we received notification of the fast and speedy trial the items were requested to be tested by the State Po-

1. Oral argument was heard in this case · on May 5, 2006, at Franklin College in Franklin, Indiana. We thank the staff and students for their hospitality, and we also thank the attorneys for their insightful arguments.

lice laboratory in Fort Wayne. They are running a nine month backlog according to them. They did move them up in there [sic] schedule which is proof that we have two of the three items submitted test ... test returned. And we are awaiting the results on the third. Um, I can not proceed with the trial in it's [sic] entirety without all the evidence having been tested. So I'd ask that it be continued at the Court's earliest convenience.

Transcript at 13. Chambers' attorney reminded the trial court judge that "we've asked to have this set as a speedy trial." *Id.* at 14. Despite this, the trial court relied on the State's representations and granted the State's motion based on the State's "inability to have all of the information available ...." *Id.* The trial court scheduled Chambers' jury trial for January 10, 2005.

On November 22, 2004, Chambers filed a motion to dismiss pursuant to Criminal Rule 4(B). Chambers alleged that the State was required to bring him to trial by November 12, 2004, and had failed to do so. He noted that the delay of his trial could not be attributed to him and was not due to congestion of the trial court's calendar. He also asserted that the State had not "in good faith shown that the delay in availing the evidence for trial was not [the State's] fault." Appellant's Appendix at 49. The next day, the trial court issued an order denying Chambers' motion to dismiss.

On January 3, 2005, the trial court granted Chambers' motion for a continuance and reset the trial for March 7, 2005. Pursuant to an agreement between Chambers and the State, the trial court entered an order on February 28, 2005, continuing

the trial to April 25, 2005. On March 30, 2005, new counsel entered an appearance on behalf of Chambers, and filed a motion to continue the trial. The trial court granted this motion on April 4, 2005. Chambers pled guilty to dealing in cocaine as a Class B felony on May 11, 2005. The trial court held a sentencing hearing on June 9, 2005, where it ultimately rejected Chambers' plea agreement with the State and scheduled a jury trial for September 12, 2005.

On August 18, 2005, Chambers renewed his motion to dismiss pursuant to Criminal Rule 4(B). A hearing was held on August 24, 2005. At this hearing, Chambers' counsel noted that on October 11, 2004, the State requested a continuance because it was missing certain evidence, namely drug test results that had been sent to the Indiana State Police Laboratory. Through discovery though, Chambers learned that the missing drug test results "had been completed ... by the State Police lab on October 5th, of 2004, six days before the request by the State was made to continue."[2] Tr. at 34. Chambers' counsel argued that the continuance obtained by the State on October 11, 2004,

> was number one never needed, especially in light of the fact that the test results were completed and ... and you know even before the request was made, and a simple phone call, I would think could have confirmed that ... but the fact is that ... that date never should have been continued at that point. Um, and ... the Court then rescheduling the trial out to January 10th of this year that put it beyond the 70 days.

*Id.* at 34–35. Chambers' counsel concluded that, pursuant to Criminal Rule 4(B),

---

**2.** The documents recording the drug test results are included in the appendix filed by Chambers. Three tests were performed.

Two were completed on October 5, 2004, while the third was completed on October 7, 2004.

Chambers should have been discharged. The State responded as follows:

> As to the drug test results, I didn't bring my file to look at that [sic] certification I made to the Court. It was an honest one through my officers, they did not have the results. Now whether it's stamped on the lab results or not it was not available to ... we did not have those at that time.

*Id.* at 35–36. The trial court noted,

> [T]he State at the time of the motion to continue back in October that was on October the 11th, stated it did not have the evidence that was necessary for them to go forward. And I think that ... that's what Criminal Rule 4D says. That if the State doesn't have the evidence and can have the evidence within the next 90 days than [sic] um the trial can be continued, and that is not a violation of Criminal Rule 4 ....

*Id.* at 36–37. The trial court pointed out that after October 11, 2004, every continuance in the case was attributable to Chambers. The trial court denied Chambers' renewed motion to dismiss.

On September 9, 2005, the State amended the Information and charged Chambers with three counts of dealing in cocaine as a Class B felony. The remaining charges were dismissed. Chambers' jury trial began on September 12, 2005. The jury ultimately found Chambers guilty on all three counts. The trial court sentenced Chambers to enhanced terms of fifteen years for each of his convictions and specified that the sentences should be served concurrently. This appeal ensued.

### Discussion and Decision

Chambers argues that the trial court erred in denying his motion to dismiss pursuant to Criminal Rule 4(B). We agree.

Chambers filed his motion for a speedy trial on September 3, 2004, and the trial court granted this motion. The Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution guarantee an accused individual's right to a speedy trial. *Cole v. State,* 780 N.E.2d 394, 396 (Ind.Ct.App. 2002), *trans. denied.* This fundamental principle of constitutional law has long been zealously guarded by our courts. *Id.* To this end, the provisions of Criminal Rule 4 implement a defendant's speedy trial right. *Id.* Specifically, Criminal Rule 4(B)(1) provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

"This rule requires that, upon a motion for a speedy trial, a defendant must be tried within seventy days, unless (1) the defendant caused the delay, or (2) the court's calendar is congested." *Jackson v. State,* 663 N.E.2d 766, 767 (Ind.1996). The onus, though, is on the State, not the defendant, to expedite prosecution. *Id.* at 769. " '[A] defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process.' " *Id.* (quoting *Crosby v. State,* 597 N.E.2d 984, 988 (Ind. Ct.App.1992)).

Chambers notes that he filed his motion for a speedy trial on September 3, 2004, which meant that the State had seventy days from that date, or until November 12, 2004, to bring him to trial. The State did

not bring Chambers to trial by this date. The State's failure to bring Chambers to trial by November 12, 2004, cannot be attributed to any delay caused by Chambers or congestion of the trial court's calendar. Chambers argues that the trial court erred in denying his motion to dismiss because the State did not bring him to trial within seventy days after his motion for a speedy trial was filed, and therefore, pursuant to Criminal Rule 4, he should have been discharged.

However, the State did not bring Chambers to trial by November 12, 2004, because it sought and was granted by the trial court a continuance pursuant to Criminal Rule 4(D) due to unavailable evidence. Criminal Rule 4(D) allows an extension of the seventy-day deadline provided in Criminal Rule 4(B). *Wilhelmus v. State*, 824 N.E.2d 405, 411 (Ind.Ct.App.2005). Criminal Rule 4(D) specifically states:

> If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, *which cannot then be had, that reasonable effort has been made to procure the same* and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

Chambers argues that the trial court erred in granting the State a continuance pursuant to Criminal Rule 4(D), and because the State did not bring him to trial within seventy days after he filed his motion for a speedy trial, he is entitled to a discharge under Criminal Rule 4(B).

■ The State first contends that Chambers waived this argument by not raising an objection when the trial court granted the State's October 11, 2004, mo-

tion for a continuance and rescheduled the trial for January 10, 2005. We have previously stated that "[a] defendant must object at the earliest opportunity when his trial is set beyond the time limitations of [Criminal Rule] 4." *Hampton v. State*, 754 N.E.2d 1037, 1039 (Ind.Ct.App.2001), *trans. denied*. If a defendant does not make a timely objection, he is deemed to have acquiesced to the later trial date. *Id.*

■ Chambers points out that at the October 11, 2004, hearing, after the State moved for a continuance of the trial, his counsel told the trial court judge, "we've asked to have this set as a speedy trial." Tr. at 14. Despite this, the trial court granted the State's motion for a continuance. Chambers contends that the statement made by his counsel was an objection to the State's request for a continuance, and that he has not waived this issue. Although Chambers' counsel did not use the specific word "object" or "objection," his statement to the trial court that the case was set as a speedy trial was in the nature of an objection and was sufficient to preserve this issue on appeal.

The State also contends that Chambers has waived this argument by not filing a timely motion to dismiss. The State seems to assert that Chambers should have filed his motion to dismiss when the trial court granted the State's motion for a continuance and set the trial for January 10, 2005. Chambers argues that if he filed his motion to dismiss on October 11, 2004, or anytime before November 12, 2004, it would have been premature and properly denied. *See Bell v. State*, 610 N.E.2d 229, 232 (Ind.1993) (holding that the trial court did not err in denying a motion for discharge that was filed on the sixty-first day of the seventy-day period). In order for his motion to dismiss to have been timely, Chambers had to file it sometime after November 12, 2004, but before his jury

trial. *See Hampton,* 754 N.E.2d at 1040 (noting that a defendant waives a claim regarding the denial of his speedy trial right if he does not make a motion to dismiss prior to trial). Here, Chambers timely filed his motion to dismiss on November 22, 2004, well before his jury trial was scheduled to begin. Therefore, Chambers has not waived his claim regarding the denial of his speedy trial right.

■ We next consider whether the trial court properly granted the State's motion for a continuance under Criminal Rule 4(D). Initially, we note the language from the beginning of Criminal Rule 4(D), which states, "If when application is made for discharge of a defendant under this rule . . . ." Although neither party addresses this portion of the rule, this language suggests that the State was not entitled to a continuance because Chambers had not yet applied for discharge when the State moved for a continuance on October 11, 2004. The language of this portion of Criminal Rule 4(D) is contradictory in that it suggests that the State could only seek a continuance after a defendant has filed a motion for discharge, but by that point in time a continuance would be meaningless if the defendant was truly entitled to a discharge. We have previously addressed this issue in *Wiseman v. State,* 600 N.E.2d 1375 (Ind.Ct.App.1992), *trans. denied.* In that case we stated:

> [T]he obvious intent of [Criminal Rule] 4(D) is to permit the State to obtain a ninety day extension of time within which a defendant who has exercised his [Criminal Rule] 4 right to a speedy trial must be tried. . . . In this manner, any continuance sought by the State because of unavailable evidence that is believed available within ninety days, and which will result in a trial date beyond the time limitations of [Criminal Rule] 4, is timely if filed at any time up to and

including the time of the defendant's motion for discharge.

*Id.* at 1376–77. We noted that although our supreme court had not specifically addressed this issue, it had implicitly given Criminal Rule 4(D) this interpretation in *Kindred v. State,* 524 N.E.2d 279 (Ind. 1988), and *Smith v. State,* 502 N.E.2d 485 (Ind.1987). In both of those cases, the defendant filed a motion for a speedy trial. Before the expiration of the seventy-day period and before the defendant filed a motion for discharge, the trial court granted the State a continuance pursuant to Criminal Rule 4(D). In both cases, the defendant argued that Criminal Rule 4(B) had been violated, and our supreme court proceeded to consider that claim without any concern for the fact that the continuance was granted prior to the defendant filing his motion for discharge. Thus we concluded

> on the State's motion made in response to the defendant's motion for discharge or at any earlier time in the prosecution, the time within which a defendant who has demanded a speedy trial may be timely tried may be extended by an additional ninety days if the court is satisfied there is State's evidence which cannot be had on the timely trial date but that will be available within ninety days.

*Id.* Therefore, the trial court here could properly grant the State a continuance pursuant to Criminal Rule 4(D) even though Chambers had not yet filed a motion to discharge.

■ Criminal Rule 4(D) provides that a trial court may grant the State a continuance when it is satisfied (1) that there is evidence for the State that cannot then be had; (2) that reasonable effort has been made by the State to procure the evidence; and (3) that there is just ground to believe that such evidence can be had within nine-

ty days. Ind.Crim. Rule 4(D). We have previously stated that any exigent circumstances may warrant a reasonable delay beyond the limitations of Criminal Rule 4. *Smith v. State*, 802 N.E.2d 948, 951 (Ind. Ct.App.2004). "The reasonableness of such delay must be judged in the context of the particular case, and the decision of the trial judge will not be disturbed except for an abuse of discretion." *Id.*

■ Chambers first argues that the trial court erred in granting the State's motion for a continuance because the State did not show that the missing lab test results could not then be had. At the August 24, 2005, hearing on Chambers' renewed motion to dismiss, the trial court indicated that it granted the State's Criminal Rule 4(D) motion to continue because the State "did not have the evidence that was necessary to go forward." Tr. at 36. Chambers asserts that this finding was clearly erroneous because "the relevant issue was not whether the necessary evidence was physically in the prosecutor's possession . . . ." Appellant's Brief at 13. Relying on the language of Criminal Rule 4(D), Chambers contends that the relevant question was "whether the evidence 'could not be had' in time to comply with the speedy trial provisions of [Criminal Rule] 4(B)." *Id.*

Chambers' argument is that there is a distinction between evidence that "cannot then be had" versus evidence that is not in a party's physical possession. We believe that this is a valid distinction. The mere fact that a piece of evidence is not in a party's physical possession does not mean in all cases that the piece of evidence cannot be had before the passage of the speedy trial deadline. Here, the evidence reveals that one set of the lab test results of the confiscated drugs was not in the prosecutor's possession on October 11, 2004. However, this evidence could have

been had before the scheduled October 25, 2004, trial date because the test was completed on either October 5, 2004, or October 7, 2004. The State could have obtained the results simply by calling the Indiana State Police Laboratory and asking for them. In this instance, we cannot say that the State has shown that there was evidence that it needed that could not then be had.

Chambers also argues that the State was not entitled to a continuance under Criminal Rule 4(D) because it did not make a reasonable effort to procure the missing evidence. The missing evidence in question was the result of tests performed by the Indiana State Police Laboratory on the drugs Chambers sold to Featherstone. Two of the lab tests were completed on October 5, 2004, and the third test was finished on October 7, 2004. At the hearing on October 11, 2004, the prosecutor told the trial court that the same day Chambers' filed his motion for a speedy trial, it sent the confiscated drugs to the Indiana State Police Laboratory to be tested. The laboratory was running a nine-month backlog, but agreed to move the evidence in question up in its schedule. By October 11, 2004, the State was in possession of two sets of the test results, but was waiting on the results of the last test. Based on this and the fact that it was not in possession of the results of the last test, the State argues that it made a reasonable effort to procure the missing evidence.

Initially, the State made reasonable efforts to insure that the lab test results would be in its possession prior to Chambers' October 25, 2004, trial. Upon learning of Chambers' motion for a speedy trial, the State immediately sent the confiscated drugs to be tested, and was able to convince the Indiana State Police Laboratory to expedite the testing of the drugs even

though the lab was running a nine-month backlog. That, however, does not resolve the issue. After this point, the State did not make reasonable efforts to procure the missing lab test results. By October 11, 2004, the three lab tests conducted on the confiscated drugs were completed, and the State was in possession of two sets of the test results. Although the State knew who was conducting the tests on the confiscated drugs and had communicated with them in the past, there is no evidence that the State made any effort to contact the Indiana State Police Laboratory to find out when it would receive the results of the last test. Absent some evidence that the State made an effort to contact the Indiana State Police Laboratory, we cannot say that the State made a reasonable effort to procure the missing evidence.

We therefore conclude that the trial court abused its discretion when it granted the State a continuance pursuant to Criminal Rule 4(D) because the State did not show that there was evidence that it needed that could not then be had and that it made a reasonable effort to procure this evidence. Because the State was not entitled to a continuance and because the State did not bring Chambers to trial within seventy days after he filed his motion for a speedy trial, Chambers is entitled to a discharge under Criminal Rule 4(B). Therefore, the trial court erred in denying Chambers' motion to dismiss.[3]

### Conclusion

The trial court abused its discretion when it granted the State a continuance pursuant to Criminal Rule 4(D) because the State did not show that there was evidence that it needed that could not then be had and that it made a reasonable

effort to procure this evidence. Chambers is entitled to a discharge under Criminal Rule 4(B) because the State did not bring him to trial within seventy days after he filed his motion for a speedy trial. Thus, the trial court erred in denying Chambers' motion to dismiss. Chambers' convictions are therefore reversed, and we remand the case to the trial court to discharge Chambers.

Reversed and remanded.

SHARPNACK and NAJAM, JJ., concur.

---

3. In his brief, Chambers also argues that the trial court did not properly sentence him. Because we conclude that Chambers is enti-

tled to a discharge under Criminal Rule 4(B), we do not reach this issue.