# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 25 2017, 10:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott Barnhart
Brooke Smith
Keffer Barnhart, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dugniqio Forest,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 25, 2017<br><br>Court of Appeals Case No.<br>82A04-1609-CR-1980<br><br>Appeal from the Vanderburgh<br>Superior Court<br><br>The Honorable Robert J. Pigman,<br>Judge<br><br>Trial Court Cause No.<br>82D03-1501-F2-566 |

**Barnes, Judge.**

# Case Summary

[1] Dugniqio Forest appeals his conviction and sentence for Level 4 felony possession of cocaine. We affirm.

# Issues

[2] Forest raises two issues, which we restate as:

> I.   whether the trial court properly granted the State's request for a continuance pursuant to Indiana Trial Rule 4(D); and

> II.  whether his eleven-year sentence is inappropriate.

# Facts

[3] In January 2015, Forest was incarcerated in the Vanderburgh County Jail when 16.23 grams of cocaine were discovered in his cell in a box of cheese crackers. The State charged him with Level 2 felony dealing in cocaine and Level 5 felony trafficking with an inmate. On January 28, 2015, an initial hearing was held, and Forest requested a speedy trial. A trial date of March 26, 2015, was set. However, on March 20, 2015, Forest requested a continuance of the trial because a hold had been placed on him by federal authorities due to pending federal gun charges. The trial court vacated the March 2015 trial date.

[4] On January 26, 2016, Forest renewed his request for a speedy trial, and the trial court set the trial date for March 28, 2016. On March 15, 2016, the State filed a motion requesting DNA samples and fingerprinting from Forest. The State

also requested a continuance of the trial pursuant to Indiana Trial Rule 4(D). The trial court granted the State's request over Forest's objection.[1] At an April 15, 2016 hearing, Forest suggested a trial date of June 5, 2016. The trial court, however, set the trial for May 23, 2016, and Forest did not object. On May 20, 2016, the trial was rescheduled for June 2, 2016. A jury found Forest guilty only of the lesser-included offense of Level 4 felony possession of cocaine. The trial court sentenced Forest to eleven years in the Department of Correction to be served concurrent with his federal sentence. Forest now appeals.

## Analysis

### I. Criminal Rule 4(D)

[5] Forest argues that the trial court erred by granting the State's motion for a continuance pursuant to Indiana Criminal Rule 4(D). Both the U.S. and Indiana Constitutions protect the right of an accused to a speedy trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 12. "The speedy-trial right is a fundamental principle of constitutional law that has been zealously guarded by our courts." *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012) (internal quotations omitted). Indiana Criminal Rule 4 generally implements the constitutional right of an accused to a speedy trial and provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such

---

[1] We were not provided with a transcript of the March 15, 2016 hearing.

motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

Ind. Crim. R. 4(B)(1). In *Austin v. State*, 997 N.E.2d 1027, 1038-39 (Ind. 2013), our supreme court explained:

> Criminal Rule 4(B) presents at least three hurdles at the trial court level: First, when a criminal defendant files a motion for a speedy trial, the trial court must set the defendant's case for trial within seventy days—which might require, to an extent we discuss below—a re-prioritization of its current caseload. Second, if the trial court finds it cannot accomplish this prioritization and bring the defendant to trial within seventy days because of court congestion, it may order a continuance—and that finding of congestion is then subject to challenge by way of the defendant's motion for discharge. And third, if the trial court orders such a continuance, it still must keep sight of the defendant's constitutional right to a speedy trial—and Rule 4(B) therefore permits the continuance only to the extent that the defendant proceeds to trial within a reasonable time after the close of the seventy-day window.

[6] Indiana Criminal Rule 4(D), which extends the seventy-day speedy trial deadline under certain circumstances, provides:

> If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

[7] Any exigent circumstances may warrant a reasonable delay beyond the limitations of Criminal Rule 4. *Otte v. State*, 967 N.E.2d 540, 545 (Ind. Ct. App. 2012), *trans. denied*. "The reasonableness of such delay must be judged in the context of the particular case." *Id.* "'Rule 4(D) does not mandate the evidence be essential or unique, only that it be unavailable and that the State be entitled to present it.'" *Wilhelmus v. State*, 824 N.E.2d 405, 413 (Ind. Ct. App. 2005) (quoting *Smith v. State*, 502 N.E.2d 485, 488 (Ind. 1987)). We review the trial court's decision to grant an extension under Rule 4(D) for an abuse of discretion. *Smith v. State*, 982 N.E.2d 393, 401 (Ind. Ct. App. 2013).

[8] We first address the State's argument that Forest waived this issue. According to the State, Forest did not object to the trial date set during the April 5, 2016 hearing and did not reassert his objection to the State's continuance. The State also notes that Forest never filed a motion for discharge. We recently addressed the conflict in cases dealing with waiver in Criminal Rule 4 arguments. *See Miller v. State*, No. 28A04-1603-CR-634, slip op. at 12-14, __ N.E.3d __ (Ind. Ct. App. 2017). We noted some cases have found waiver when the defendant failed to make a motion for discharge, but some cases have found that an

objection to the scheduling of a trial date outside the Rule 4 limits was sufficient. *Id.* Similarly, here, Forest did not file a motion for discharge and did not object at the time the trial court reset the trial date. He did, however, object to the granting of the State's motion for a continuance pursuant to Rule 4(D). Given the current conflicting state of affairs on this question, we will err on the side of addressing Forest's claim of error on the merits.

[9] Forest withdrew his first motion for a speedy trial and did not renew his speedy trial motion until January 26, 2016. On March 4, 2016, the State requested that the Indiana State Police test the baggie and the box of cheese crackers for DNA and fingerprint evidence. The State Police Laboratory informed the State that it would need a minimum of forty-five days to complete its analysis. Shortly thereafter, the State filed its motion for a continuance pursuant to Rule 4(D). Forest argues that the State should have tested the evidence in the year while he was under federal hold and that the State did not request the testing until Forest indicated he would challenge the State's case based on lack of testing.

[10] In support of his argument, Forest relies on *Chambers v. State*, 848 N.E.2d 298, 305 (Ind. Ct. App. 2006), *trans. denied*. In that case, the evidence at issue was a lab report that the prosecution did not have in its possession but which had been completed six days before the State moved to continue the trial. We found that the trial court abused its discretion by granting the motion for continuance because the evidence was, in fact, available and the State failed to make a reasonable effort to procure it. Here, however, the DNA and fingerprint reports were not available at the time of the State's motion for a

continuance. Further, given the withdrawal of his earlier speedy trial request and the year-long delay in the case due to federal charges against Forest, we cannot say the State's failure to test the evidence at an earlier time was unreasonable. At the time of the State's motion, the DNA and fingerprint evidence was unavailable, and the State was entitled to present it. We cannot say that the trial court abused its discretion by granting the State's motion for a continuance, and Forest's Rule 4 rights were not violated.

## II. Inappropriate Sentence

Forest argues that his eleven-year sentence is inappropriate and that an advisory sentence of six years is warranted in this case. Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived

'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[13] The nature of the offense is that, while incarcerated, Forest possessed 16.23 grams of cocaine in his jail cell. The fact that he possessed such a significant amount of the drugs in jail is egregious. As for Forest's character, although he was only twenty-one years old, he had an extensive criminal history including a 2016 federal conviction for felon in possession of a weapon, 2016 misdemeanor convictions for battery and resisting law enforcement, two 2014 misdemeanor convictions for resisting law enforcement, a 2013 felony conviction for possession of cocaine/methamphetamine or a schedule I or II narcotic drug, a 2013 misdemeanor conviction for operating a motor vehicle without ever receiving a license, a 2013 felony conviction for receiving stolen property, and a 2012 misdemeanor conviction for battery resulting in bodily injury. He also had several juvenile adjudications and had been placed in the Indiana Boys School. Although Forest alleges that he has been diagnosed with ADHD and bipolar disorder, there is no evidence in the record to indicate his diagnosis or demonstrate how the alleged diagnosis impacted his actions. Given the large

amount of cocaine that Forest possessed and his criminal history, we cannot say the sentence imposed by the trial court is inappropriate.

## Conclusion

[14] The trial court did not abuse its discretion by granting the State's motion for a continuance, and Forest's sentence is not inappropriate. We affirm.

[15] Affirmed.

Kirsch, J., and Robb, J., concur.