Per Curiam.
Around 11:30 p.m. on August 10, 2014, Jeremy Kohn was sitting on the porch of his Bloomfield home with his. girlfriend, Kylee Bateman. The pair observed a man twice approach a neighbor’s house, knock on the door or ring the doorbell, and walk away. Kohn thought he recognized the man from school; but could not remember his name. About five minutes after that, the man—defendant Michael Miller—casually strolled up to Kohn and Bateman, as if to ask a question. As Kohn turned to ask Bateman. if she knew the man, Miller grabbed Kohn’s left arm and cut him around the throat with a pocketknife. Miller said nothing, and then calmly walked away. The cut was not deep, but it required over forty stitches to close. Had the cut been slightly deeper, it could have caused injury posing a risk of death.
Three days later, Miller was identified as a suspect in the attack of Kohn. Police located him in a nearby town, hitchhiking to Indianapolis. Miller was arrested without incident, waived his Miranda rights, and calmly admitted he had cut Kohn’s *1197 throat after Kohn and Bateman smiled at him and Kohn looked at Bateman and shook his head. Miller stated he assumed the police were not called or did not care about the incident, because he didn’t hear any sirens afterwards. Then he decided to go to Indianapolis. When asked whether he wanted to kill Kohn, Miller replied that he did not care. (See App. at 104; State’s Ex. 7 at 11:30-11:50.)
The State charged Miller with Level 1 felony attempted murder and Level 3 felony aggravated battery (later amended to Level 5 felony battery). The attempted murder charge alleged in part that Miller “did-knowingly or intentionally attempt to commit the crime of Murder, to-wit: to knowingly kill Jeremy Kohn.... ” (App. at 29.) After a bench trial, the trial court adjudged Miller guilty but mentally ill on both counts. The trial court’s judgment of conviction included several findings and conclusions, including “that Defendant had the requisite intent to kill ...” and that the State “has proved beyond a reasonable doubt ... Miller did knowingly or intentionally attempt to commit the crime of Murder, to-wit: to knowingly kill Jeremy Kohn....” (App. at 104-05).
Miller appealed, contending among other things that the State did not present sufficient evidence that he had the .specific intent to kill Kohn, as required for attempted murder.[1] The Court of Appeals found it premature to consider sufficiency of the evidence of Miller’s intent, but determined that the references in the proceedings below to a “knowing” mens rea could indicate the trial court applied the wrong standard of proof. Miller v. State, 72 N.E.3d 502, 515, 518 (Ind. Ct. App. 2017). The Court of Appeals reversed Miller’s attempted murder conviction and remanded for a new trial.- Id. at 518.
The State seeks transfer, contending the trial court did not apply the wrong standard of proof, but if it did, the proper remedy is not a new trial, but a remand for the trial court to reconsider the case under the correct legal standard. We agree the correct remedy in these circumstances is a remand for reconsideration by the trial court.
Accordingly, we grant transfer,.' see Indiana Appellate Rule 58(A),. and reverse Miller’s conviction for attempted murder. We remand this case to Judge Allen with instructions to apply .the appropriate legal standard to the existing evidence. In all other respects, we summarily affirm the Court of Appeals’ opinion. Ind. App. R. 58(A)(2).
Rush, C.J., and David and Massa, JJ., concur.
Slaughter, J., concurs in part and dissents in part with separate opinion.

. To convict a defendant of murder, the State must prove he or she acted “knowingly or intentionally.” See Ind,- Code § 35-42-1-1(1), “A person engages in conduct ‘intentionally’ .. if, when he engages in the conduct, it is his conscious attempt to do so.... A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so.” I.C. § 35-41-2-2(a), (b). Attempt crimes generally require the same mens, rea as completed crimes, but attempted murder is different in that it requires the State to prove "the defendant’s specific intent to kill." Rosales v. State, 23 N.E.3d 8, 12 (Ind. 2015) (emphasis added). This requirement “stems from ‘the stringent penalties for attempted murder and the ambiguity often involved in its proof.’ ” Id. (quoting Hopkins v. State, 759 N.E.2d 633, 637 (Ind. 2001)).