

FILED

Oct 02 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jimmy Joe Small,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 2, 2018<br><br>Court of Appeals Case No.<br>18A-CR-773<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable David Kiely, Judge<br><br>The Honorable Kelli Fink,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1708-F4-5078 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Jimmy Joe Small was convicted of unlawful possession of a firearm by a serious violent felon, a Level 4 felony. Small now appeals his conviction raising two issues for review, which we consolidate and restate as whether the trial court abused its discretion by granting the State's motion for a continuance. Concluding the trial court abused its discretion, we reverse.

# Facts and Procedural History

[2] Following a tip that Small possessed a firearm, several detectives of the Evansville Police Department's drug task force conducted a "knock and talk" on Small's motel room. Small, who was joined in the room by Brittany Harper, answered the door and stepped outside. Small left the door open behind him and officers observed drug paraphernalia on a bedside table. After officers entered the room to secure the evidence, they also observed a firearm on a bedside table. Small admitted to having handled the firearm and it was collected as evidence and swabbed for DNA. A subsequent search of the motel room revealed a magazine for the firearm inside a purse.

[3] Small was arrested and the State charged Small with unlawful possession of a firearm by a serious violent felon, a Level 4 felony, two counts of possession of methamphetamine, a Level 5 felony and a Level 6 felony, maintaining a common nuisance, a Level 5 felony, and unlawful possession of a syringe, a Level 6 felony. An initial hearing was conducted two days later and Small was

appointed counsel. On September 21, the State made its initial request for Small's DNA standards and the court granted the State's request, without a hearing, on September 26.

[4] A pretrial hearing was conducted on October 4. Small orally moved for a speedy trial pursuant to Criminal Rule 4, which requires the State to bring a defendant held in jail to trial within seventy days of the motion, and a trial date was set for seventy days later on December 13. Small also objected to the trial court granting the State's request for his DNA standards in his absence and indicated that he planned to file a motion asking the trial court to rescind its September 26 order. Following a hearing on the motion on October 12, the trial court rescinded its order for Small's DNA standards.

[5] The State filed a renewed request for Small's DNA standards. On October 24, the trial court conducted a hearing at which all parties were present. The State indicated that the firearm had been swabbed for DNA but could not be submitted to the Indiana State Police Laboratory without sending Small's DNA standards with it. Over Small's objection, the court orally granted the State's request and instructed the State to file a proposed order for the court to sign.

[6] On December 7, forty-four days later, and just six days before trial, the State filed a motion for a continuance pursuant to Criminal Rule 4(D), which allows for a ninety-day extension of the speedy trial period under certain circumstances. The State contended it was unable to proceed to trial "due to

forensic testing needing to be conducted upon the evidence in this Cause."
Appellant's Appendix, Volume 2 at 32. In its motion, the State asserted:

> 11. The State discovered on December 1, 2017 that we had not received the October 25, 2017 signed Order from the Court. The State contacted Court staff on the same day to bring this to their attention.
>
> 12. Court staff indicated that they had inexplicably never received the October 25, 2017 Order, and the State was instructed to file the Order again. The State did so on the same day, December 1, 2017. . . .
>
> 13. The State received a signed Order to Obtain the Defendant's DNA standards on December 5, 2017 at 6:15 AM by email. . . .

*Id.* at 33. At a hearing on the State's motion, the magistrate judge acknowledged:

> the Court has been advised by Judge Kiely and the court staff that it was a glitch in the Odyssey system the reason why this Order didn't get signed, so that is a fact that the Court takes notice of . . . .

Transcript, Volume II at 20.

[7] The State explained that based on its "understanding after speaking with representatives from the Evansville Police Crime Scene [sic]," a preliminary result could be obtained within forty-five days after securing Small's DNA standards of whether Small's DNA was found on the firearm. *Id.* at 19. If so, a

conclusive result would take an additional thirty to forty days. Therefore, the State argued, the evidence could be obtained within the ninety-day extension period provided by Criminal Rule 4(D). Over Small's objection, the court granted the State's motion for a continuance:

> I'm going to find that the evidence is relevant and a reasonable effort has been made to precure [sic] the same, there is just cause to believe that the evidence can be had within 90 days and so I'm going to continue the trial date, but I'm going to set it in 70 days. If you could have tried it initially within 70 days, then you're going to have to try it now within 70 days. If you can't do that then we'll do something else or you won't have the evidence.

*Id*. at 23.

[8] The two-day jury trial began on February 12. The State moved to dismiss all counts except for Count 1, unlawful possession of a firearm by a serious violent felon, a Level 4 felony, and the court granted the State's motion. Small moved for discharge pursuant to Criminal Rule 4 prior to both days of the jury trial; both motions were denied by the trial court.

[9] During the trial, the State presented the testimony of Nicole Hoffman, a forensic DNA analyst with the Indiana State Police laboratory. Hoffman testified that the lab received items for testing in this case on December 12, 2017. Hoffman began testing on December 20 and concluded her report on January 5, 2018. Hoffman testified the firearm contained a mixture of DNA and she was unable to arrive at a conclusive result. When asked by defense counsel how quickly such results could be obtained if asked to do a "rush job,"

Hoffman opined that a rush job could be complete in as little as two days. Tr., Vol. III at 187.

[10] The jury found Small guilty of knowingly or intentionally possessing a firearm and Small subsequently admitted that he was a serious violent felon. The trial court entered judgment of conviction and sentenced Small to ten years executed at the Indiana Department of Correction. Small now appeals.

# Discussion and Decision

## I. Standard of Review

[11] We review issues concerning Indiana Criminal Rule 4(B) and 4(D) for abuse of discretion. *Miller v. State*, 72 N.E.3d 502, 513 (Ind. Ct. App. 2017), *aff'd in relevant part*, 77 N.E.3d 1196, 1197 (Ind. 2017). An abuse of discretion occurs if the decision of the trial court is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

## II. Criminal Rule 4(D) Motion for Continuance

[12] Small argues the trial court abused its discretion when it granted the State's motion for a continuance pursuant to Criminal Rule 4(D). Both the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution guarantee an accused the right to a speedy trial. *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012). Indiana Criminal Rule 4 provides

functionality to that doubly protected constitutional right. *Austin v. State*, 997 N.E.2d 1027, 1037 (Ind. 2013).[1]

[13] Criminal Rule 4(B)(1) states, in relevant part:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

However, Criminal Rule 4(D) provides for a ninety-day extension under certain circumstances:

> If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

[14] Thus, Criminal Rule 4(D) provides that a trial court may grant the State a continuance when it is satisfied "(1) that there is evidence for the State that

---

[1] As our supreme court noted in *Austin*, however, Criminal Rule 4(B) challenges are "separate and distinct from reviewing claimed violations of those constitutional provisions." *Id*. at 1037 n.7.

cannot then be had; (2) that reasonable effort has been made by the State to procure the evidence; and (3) that there is just ground to believe that such evidence can be had within ninety days." *Chambers v. State*, 848 N.E.2d 298, 303-04 (Ind. Ct. App. 2006), *trans. denied*. Here, we conclude the State failed to demonstrate that it made a reasonable effort to procure the evidence.

## A. Necessity of the Evidence

[15] We begin by addressing Small's contention that the trial court erred by granting the State's continuance pursuant to Criminal Rule 4(D) because, despite the State's claim in its motion that the DNA evidence was "critical" to its case, Appellant's App., Vol. 2 at 33, ¶ 15, the State failed to present "substantive or significant DNA evidence" at trial. Brief of Appellant at 8.

[16] Small was charged with unlawful possession of a firearm by a serious violent felon pursuant to Indiana Code section 34-47-4-5. Accordingly, the State had the burden to prove Small was a serious violent felon who "knowingly or intentionally" possessed a firearm. Ind. Code § 34-47-4-5(c). By the time of the State's request for Small's DNA standards, the State already possessed both circumstantial and direct evidence of Small's guilt as the firearm was discovered in plain view on a table in his hotel room and Small "admitted that he had handled the gun in some way." Tr., Vol. III at 127. Nevertheless, the State claimed in its motion for a continuance pursuant to Criminal Rule 4(D) that the DNA evidence was "critical" to its case. Appellant's App., Vol. 2 at 33, ¶ 15. The only DNA evidence the State presented at trial, however, was testimony that the firearm contained a mixture of DNA and that testing was unable to

produce a conclusive result of whether Small's DNA was present on the firearm.

[17] On appeal, Small argues the State's inability to present conclusive DNA evidence at trial and, by inference, the fact that the jury reached a guilty verdict in its absence, demonstrates the DNA evidence was not critical to its case and the trial court therefore erred in granting the State's continuance to pursue such evidence. In *Miller*, the trial court granted the State a continuance pursuant to Criminal Rule 4(D) to allow an expert witness additional time to review medical records and prepare a report about the defendant, despite the defendant's previous examination by two court-appointed experts and one expert hired by the defense. 72 N.E.3d at 512. On appeal, the defendant argued, *inter alia,* that the trial court erred by granting the State a continuance to pursue evidence it later declined to present at trial. In holding the trial court acted within its discretion, the *Miller* court explained:

> we place little emphasis on the fact that the State ended up not calling Dr. Crane at trial or utilizing any of his reports or opinions. It may indeed be the case that Dr. Crane's opinion regarding [the defendant's] sanity largely paralleled those of the other experts who examined him. However, we reiterate, "Rule 4(D) does not mandate the evidence be essential or unique, only that it be unavailable and that the State be entitled to present it." [*Wilhelmus v. State*, 824 N.E.2d 405, 413 (Ind. Ct. App. 2005)]. At the time the State requested an evaluation of [the defendant] by Dr. Crane, it was unknown what Dr. Crane ultimately would conclude. Regardless, the State was entitled to pursue that evaluation in preparing to rebut [the defendant's] insanity defense. We evaluate the reasonableness of the State's request

> for a trial delay in light of the information known or available to it at the time of the request.

*Id.*

[18] Similarly here, the State was not required to demonstrate the DNA evidence was "essential or unique," or in other words, critical to its case. *Wilhelmus*, 824 N.E.2d at 413. Rather, the State was only required to prove the evidence was "unavailable and that the State be entitled to present it." *Id*. Furthermore, we evaluate the reasonableness of the State's request "in light of the information known or available to it at the time of the request." *Miller,* 72 N.E.3d at 512. At the time of the State's request for DNA testing, like the evaluation in *Miller*, it remained unknown what the testing would ultimately reveal. And, certainly, the presence of Small's DNA was pertinent to whether Small had possessed the firearm. Therefore, although the issue of whether the DNA evidence was truly "unavailable" is a question we discuss further below, we conclude the State's inability to present conclusive DNA evidence at trial was irrelevant for the purposes of the State's continuance.

## B. Reasonable Effort to Procure Evidence

[19] Next, Small argues the State failed to demonstrate it made a reasonable effort to procure the evidence it alleged it could not obtain in time for the speedy trial date.

[20] The onus is on the State, not the defendant, to expedite prosecution and a defendant "has no duty to bring himself to trial; the State has that duty as well

as the duty of insuring that the trial is consistent with due process." *Jackson v. State*, 663 N.E.2d 766, 769 (Ind. 1996). "The defendant does not have an obligation to remind the State of this duty or to remind the trial court of the State's duty." *Staples v. State*, 553 N.E.2d 141, 143 (Ind. Ct. App. 1990) (referring to one-year limit of Criminal Rule 4(C)), *trans. denied*. Furthermore, we judge the reasonableness of the delay in the context of each case. *Smith v. State*, 802 N.E.2d 948, 951 (Ind. Ct. App. 2004).

[21] Here, the trial court orally granted the State's request for Small's DNA standards on October 24. The State took no further action to collect Small's DNA standards until December 1, when it realized it had not received the trial court's written order because of a "glitch in the Odyssey system." Tr., Vol. II at 20. Thereafter, the State notified the trial court, received the trial court's written order on December 5, and then filed a motion for a continuance pursuant to Criminal Rule 4(D) on December 7.

[22] We view the facts presented here as similar to those of *Chambers*, 848 N.E.2d at 298. There, as here, the trial court granted the defendant's motion for speedy trial pursuant to Criminal Rule 4(B), thus giving the State seventy days to bring the defendant to trial. As soon as the defendant's motion was granted, the State submitted three items for testing to the Indiana State Police Laboratory and requested the process be extradited. At a pre-trial hearing fourteen days prior to the defendant's trial date, the State moved for a continuance pursuant to Criminal Rule 4(D), citing the fact that it had yet to receive the results of one of the three tests. The trial court granted the State's motion and set a trial date

outside the seventy-day period at which the defendant was subsequently convicted as charged. The defendant appealed, arguing the trial court erred in denying his motion to dismiss pursuant to Criminal Rule 4(B).

[23]     On appeal, we explained:

> Initially, the State made reasonable efforts to insure [sic] that the lab test results would be in its possession prior to [the defendant's] October 25, 2004, trial. Upon learning of [the defendant's] motion for a speedy trial, the State immediately sent the confiscated drugs to be tested, and was able to convince the Indiana State Police Laboratory to expedite the testing of the drugs even though the lab was running a nine-month backlog. That, however, does not resolve the issue. After this point, the State did not make reasonable efforts to procure the missing lab test results. By October 11, 2004, the three lab tests conducted on the confiscated drugs were completed, and the State was in possession of two sets of the test results. Although the State knew who was conducting the tests on the confiscated drugs and had communicated with them in the past, there is no evidence that the State made any effort to contact the Indiana State Police Laboratory to find out when it would receive the results of the last test. Absent some evidence that the State made an effort to contact the Indiana State Police Laboratory, we cannot say that the State made a reasonable effort to procure the missing evidence.

*Id.* at 304-05.

[24]     Similarly here, we conclude avoidable delay rendered the State's efforts unreasonable. Although the "glitch in the Odyssey system," Tr., Vol. II at 20, may have justified a modest delay, the State took thirty-eight days to notice this

rather glaring error, despite its knowledge of Small's speedy trial date and its presence in court when its motion for a continuance was orally granted.

[25] The State argues it acted reasonably in waiting for the trial court's order before collecting Small's DNA standards because the trial court "expressed a preference for a written order, and in light of Small's objection to the process[.]" Brief of Appellee at 12. But, in so arguing, the State fails to cite precedent or provide a cogent argument as to why it required a written order to proceed. The Chronological Case Summary ("CCS") reflects that on October 24 the trial court "orally grant[ed] state's Motion for DNA[,]" Appellant's App., Vol. 2 at 6, and the CCS is "an official record of the trial court[,]" Ind. Trial Rule 77(B). Although Small objected to the State's motion, Small was present for—and aware of—the trial court's order. Nevertheless, we acknowledge the prudence in what is apparently the State's pattern and practice to obtain a written order before attempting to obtain a defendant's DNA standards. However, if, as its argument suggests, the State was consciously awaiting the trial court's written order, it would have promptly noticed the error and brought it to the trial court's attention within a few days.

[26] Moreover, whereas the *Chambers* court concluded the State's efforts were at least "initially" reasonable, we cannot say the same here. 848 N.E.2d at 304. In *Chambers*, the State promptly contacted the Indiana State Police Laboratory, secured an expedited testing process, and immediately submitted the items for testing. Here, there is no evidence the State secured, or even requested, an expedited testing process. In fact, there is no evidence the State so much as

contacted the Indiana State Police Laboratory to determine how long DNA testing would take before moving for a continuance pursuant to Criminal Rule 4(D).

[27] At the hearing on its motion, the State opined that it would take forty-five days for preliminary testing with the possibility of an additional thirty to forty days to finalize DNA testing, based on the State's conversations with "representatives from the Evansville Police Crime Scene [sic]." Tr., Vol. II at 19. But the DNA evidence was later submitted for testing to the Indiana State Police, not the Evansville Police Department, and Hoffman's trial testimony established the testing could take as little as two days for a "rush job." Tr., Vol. III at 187.[2] Even following standard procedure, Hoffman testified that she finished testing and concluded her report within twenty-four days—twenty-one days less than the base estimate provided by the State in support of its motion. "We evaluate the reasonableness of the State's request for a trial delay in light of the information known or *available* to it at the time of the request." *Miller,* 72 N.E.3d at 512 (emphasis added). Certainly, this more accurate time frame was available to the State had it done its due diligence and contacted the Indiana State Police Laboratory prior to moving for a continuance. Thus, as we

---

[2] Hoffman testified the three possible outcomes of testing a sample for the presence of a subject's DNA are (1) a sample is consistent with a subject; (2) a subject may be excluded as being a contributor to the sample; or, (3) a sample is "inconclusive for various reasons." *Id.* at 180. Although it is unclear from the record whether the results from a "rush job," *Id.* at 187, would have been admissible at trial, even if further testing was required, the State would then have been in a more appropriate position to request a continuance pursuant to Criminal Rule 4(D).

concluded in *Chambers*, "we cannot say that the State made a reasonable effort to procure the missing evidence." 848 N.E.2d at 305.

[28] On the facts presented here, therefore, we believe the State's actions suggest inattentiveness, rather than prudence, and we conclude the State failed in its duty to closely monitor the progress of a speedy trial case. *See State v. Jackson*, 857 N.E.2d 378, 382 (Ind. Ct. App. 2006) (holding the trial court did not abuse its discretion when it granted the defendant's motion for discharge because a delay was caused "by the trial court's candidly admitted inattention to its docket and case files and the State's failure to track the case more closely") (footnote omitted). Because the State failed to show it had made a reasonable effort to procure the evidence when it moved for a continuance, the trial court abused its discretion when it granted the State a continuance pursuant to Criminal Rule 4(D). *See Chambers,* 848 N.E.2d at 305. Accordingly, the trial court also abused its discretion in denying Small's subsequent motion for discharge because the State did not bring him to trial within seventy days after he filed his motion for speedy trial. *Id.*

# Conclusion

[29] For the reasons set forth above, we conclude the trial court abused its discretion when it granted the State a continuance pursuant to Criminal Rule 4(D) and denied Small's motion for discharge. Small's conviction is therefore reversed, and we remand the case to the trial court to discharge in accordance with this opinion.

Reversed and remanded.

Baker, J., and May, J., concur.