

ATTORNEY FOR APPELLANT

Elizabeth A. Flynn
Braje Nelson & Janes, LLP
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kyle Scott Dilley, *Appellant-Defendant,* | October 23, 2019 |
| | Court of Appeals Case No. 19A-CR-173 |
| v. | Appeal from the LaPorte Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Michael S. Bergerson, Judge |
| | Trial Court Cause No. 46D01-1804-F2-331 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Kyle Dilley (Dilley), appeals his convictions for dealing in methamphetamine with an enhancing factor, a Level 2 felony, Ind. Code §§ 35-48-4-1.1(2)(A)(e)(2), 35-50-2-4.5; dealing in marijuana with an enhancing factor, a Level 5 felony, I.C. §§ 35-48-4-10(a)(2)(C)(d)(1)(A), 35-50-2-6; and two Counts of possession of a narcotic drug with an enhancing factor, Level 5 felonies, I.C. §§ 35-48-4-1.1(a)(2)(C)(d)(1)(A), 35-50-2-6.

We reverse.

# ISSUES

Dilley presents us with two issues on appeal, one of which we find dispositive and restate as: Whether the trial court erred when it granted the State's motion for a continuance based upon the unavailability of laboratory testing results.

# FACTS AND PROCEDURAL HISTORY

Around noon on April 6, 2018, Officer Kyle Shiparski (Officer Shiparski) and Officer Francisco Rodriguez (Officer Rodriguez) of the Michigan City Police Department were driving in the area of 10th and Maple Streets in Michigan City, Indiana, when they observed a gold-colored sedan partially pulled into a parking space. The sedan was occupied by two people who were slumped over and appeared to be unconscious. The officers alerted emergency medical personnel and proceeded to perform a welfare check.

[5] Dilley was seated in the driver's seat, and the car's engine was running. Officer Rodriguez tapped on the window and yelled in an effort to rouse Dilley. While standing outside the sedan attempting to awaken Dilley, Officer Rodriguez observed a hand-rolled paper containing what appeared to be either marijuana or synthetic marijuana in Dilley's left hand. Officer Rodriguez opened the car door. Dilley had a black drawstring backpack on his lap. As Dilley regained consciousness and perceived the presence of the officer, he immediately closed his fist to conceal the object there. Officer Rodriguez asked Dilley for his identification, and Dilley retrieved his driver's license from his wallet which was inside the drawstring bag on his lap. Officer Shiparski roused the passenger, who was also the owner of the vehicle. The passenger gave the officers consent to search the vehicle.

[6] Officer Rodriguez asked Dilley to step out. Dilley was led to the front of the sedan. As Officer Rodriguez searched the vehicle, another officer who had arrived to assist observed Dilley reaching into his belt area for what was subsequently discovered to be a black zippered pouch containing a set of digital scales and empty Ziplock baggies. In addition, the vehicle's driver's-side door had a rigid, open area at the base of the door which could be used to store items such as maps. Clipped to the outside of the storage area was a cell phone case that contained what was later revealed to be three baggies containing methamphetamine, a baggie containing nine types of pills, including two tablets of morphine, and a baggie containing heroin. A search of the drawstring bag

Dilley had been holding on his lap revealed a mason jar containing two bags of marijuana.

[7] On April 6, 2018, the State filed an Information, charging Dilley with dealing in methamphetamine, dealing in marijuana, possession of a narcotic drug (morphine), and possession of a narcotic drug (heroin). The State also alleged that all the offenses were enhanced because Dilley had a prior conviction in 2012 for dealing in heroin. On April 10, 2018, the trial court held Dilley's initial hearing. Dilley requested a fast and speedy trial, and the trial court set a trial date of June 18, 2018.

[8] On May 17, 2018, the trial court held a pre-trial conference. The State reported no issues with discovery. The parties and the trial court confirmed that trial was set for June 18, 2018. On May 31, 2018, the trial court held a final pre-trial conference. The trial court asked the prosecutor if all discovery had been completed. The prosecutor responded, "Judge, the only thing that's outstanding is the official lab results from the lab. We've informed them of the trial date." (Supplemental Transcript Vol. II, p. 22). The trial court confirmed the trial date of June 18, 2018.

[9] On June 1, 2018, the State filed a verified motion for a continuance of the June 18, 2018, trial date pursuant to Indiana Rule of Criminal Procedure 4(D) in which the prosecutor averred the following:

> 5. Drug evidence was collected in this case, and lab results are not yet prepared regarding testing by the Indiana State Police Laboratory in Lowell, Indiana.

6. On May 31, 2018, the State contacted lab director Paul Fotia in order to assess whether the results would be complete prior to the trial date.

7. At that time, the State learned that the lab receives approximately 1500 drug cases for testing per month, many of which contain multiple items of evidence to be tested. The lab is able to process only 900-960 cases per month of the 1500 they receive.

8. At this time, the Lowell Crime Laboratory should have four full time chemists performing the testing. However, one chemist has been transferred to another laboratory, and one is currently on vacation, leaving only two chemists to perform testing on drug cases.

9. The testing in this case involves 7 separate items of evidence, some of which contain multiple baggies and multiple different types of pills, all of which require testing.

10. For all these reasons, though the laboratory will make its best effort to secure the results in time for trial, it is unlikely to be complete by June 18, 2018.

* * * *

13. This evidence is necessary for the State to prove the charges alleged in the charging information, and the undersigned anticipates that a State Laboratory Chemist would testify at trial to the following, once results are complete:

> a.     A chemist with the Indiana State Police Laboratory received items for testing under police report number DU18040004.

* * * *

>15. The absence of this evidence for the scheduled trial date is
>not at [sic] the result of any act by the State of Indiana.

(Appellant's App. Vol. II, pp. 46-48). The prosecutor further averred that she had contacted Dilley's counsel to attempt to procure a stipulation to the preliminary drug testing results already disclosed but that Dilley had declined to stipulate.

[10] On June 5, 2018, the trial court held a hearing on the State's Rule 4(D) continuance motion. The prosecutor reiterated the arguments contained in her written motion and additionally represented that "[a]fter our last hearing I contacted the State Crime Lab, spoke to the director myself regarding, I was attempting to confirm that the lab results would be back by June 18th, but unfortunately the information I received is that it was, highly unlikely." (Transcript Vol. II, p. 3). Dilley's counsel objected to the continuance and argued to the trial court that "[w]e're right up against the 70 days deadline. And that's our position." (Tr. Vol. II, p. 5). Dilley requested and was granted permission to address the trial court directly. He continued to assert his right to a speedy trial and offered to stipulate to the preliminary drug testing results in order to secure that right. The trial court granted the State's motion for the continuance and reset Dilley's trial date for September 24, 2018. In its written order granting the continuance, the trial court cited Rule 4(D) and found that the State had met its burden to show that the continuance was justified, despite

Dilley's objections and willingness to stipulate to the preliminary testing results. The trial court made no finding of court congestion meriting a continuance.

[11] Dilley's jury trial was eventually rescheduled for August 13, 2018, and took place over two days. An officer of the Michigan City Police Department testified that on June 4, 2018, he transported the evidence retrieved from the search of vehicle to the Indiana State Police Laboratory for testing. The results of that testing were admitted into evidence.

[12] The jury found Dilley guilty of the underlying offenses, and, in a separate proceeding outside the presence of the jury, Dilley admitted that he had been convicted previously of dealing in heroin, as charged by the State as an enhancement. On September 27, 2018, the trial court sentenced Dilley to twelve years for dealing in methamphetamine and to three-year sentences for his remaining convictions, all to be served concurrently, for an aggregate sentence of twelve years.

[13] Dilley now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[14] Dilley requested a speedy trial and argues that the trial court erred when it granted the State a continuance of his trial date pursuant to Indiana Criminal Rule 4(D) based upon the unavailability of the laboratory testing results. The right of an accused to a speedy trial is provided by our federal and state Constitutions. *See* U.S. Const. amend. VI; Ind. Const. art. 1, § 12. The mechanism for the enforcement of this right, Indiana Criminal Rule 4, generally

provides that an accused must be brought to trial within seventy days of making a speedy trial motion unless he causes delay or there is insufficient time to try him due to court congestion. *See* Ind. Crim. Rule 4(B)(1). Criminal Rule 4 also provides for an extension of the time to bring a defendant to trial as follows:

> If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued . . .

Crim. R. 4(D). Thus, in order to grant a continuance as provided in Rule 4(D), the trial court must be satisfied that the State made a reasonable effort to procure the evidence. *Smith v. State*, 802 N.E.2d 393, 401 (Ind. Ct. App. 2013), *trans. denied*. Whether the requested delay is reasonable should be judged according to the circumstances of the particular case. *Id*. In addition, we evaluate the reasonableness of the State's request for a trial delay in light of the information known or available to it at the time of the request. *Small v. State*, 112 N.E.3d 738, 743 (Ind. Ct. App. 2018). As a general rule, a trial court's decision to grant a Rule 4(D) continuance is reviewed for an abuse of discretion. *Smith*, 802 N.E.2d at 401.

[15] Dilley argues that the State did not make reasonable efforts to procure the test results because it did not submit the evidence for testing until after it filed its request for a Rule 4(D) continuance. We note that, although the State offers a response to Dilley's Rule 4(D) argument in its Brief of Appellee, it did not

address Dilley's argument pertaining to the timing of the sending of the drugs to the laboratory, which was the heart of his appellate claim regarding the impropriety of the Rule 4(D) continuance. The State's "failure to respond to an issue raised in an appellant's brief, is, as to that issue, akin to failing to file a brief." *Cox v. State*, 780 N.E.2d 1150, 1162 (Ind. Ct. App. 2002). Although this failure does not relieve us of our duty to correctly apply the law to the facts of the case, we may reverse the trial court if the appellant shows only *prima facie* error. *Id*. *Prima facie* error means error "at first sight, on first appearance, or on the face of it." *Id*. With this reduced burden of persuasion in mind, we turn to the facts of this case.

[16]   Dilley invoked his right to a speedy trial at the earliest possible opportunity at his initial hearing on April 10, 2018. Dilley's invocation of his speedy trial right meant that the State had until June 19, 2018, to bring him to trial. At Dilley's initial hearing, the trial court set Dilley's trial for June 18, 2018. Dilley never retracted his speedy trial request, and the June 18, 2018, trial date never changed before the State filed its Rule 4(D) continuance motion.

[17]   At the final pre-trial conference on May 31, 2018, the prosecutor informed the trial court that the only matter "outstanding" for trial preparation was the test results. (Supp. Tr. Vol. II, p. 22). In her Rule 4(D) continuance motion filed June 1, 2018, a mere seventeen days before trial, the prosecutor averred that the continuance was necessary because the testing results were "not yet prepared." (Appellant's App. Vol. II, p. 46). In her argument at the hearing on the continuance motion, the prosecutor represented to the trial court that she had

personally contacted the director of the laboratory "to confirm that the lab results would be back by June 19th . . ." (Tr. Vol. II, p. 3). The implication of these statements was that testing was already underway. The prosecutor did not inform the trial court in either her written or oral motions that the evidence had not been conveyed to the State Laboratory for testing and was, in fact, not conveyed until June 4, 2018, after the written continuance motion was filed. This was a fact that had to have been known to the prosecutor when she argued the continuance motion on June 5, 2018, and which she should have made known to the trial court before it rendered its ruling.

[18]   Rule 4(D) requires that the State show "that reasonable effort has been made to procure" the missing evidence. It cannot be said that reasonable efforts had been made to procure the evidence for purposes of Rule 4(D) if that effort had not actually been commenced by initiating the testing process before the filing of the continuance motion. *Cf. Chambers v. State*, 848 N.E.2d 298, 304 (Ind. Ct. App. 2006) (finding that the State initially made reasonable efforts to procure test results where, on the same day speedy trial request was made, it sent drugs to the laboratory and procured expedited processing), *trans. denied*. We conclude that, under the circumstances of this case, Dilley has demonstrated that the Rule 4(D) continuance was *prima facie* error. *See Cox*, 780 N.E.2d at 1162.

[19]   The State argues that we may affirm the trial court's grant of the continuance based on congestion of the trial court's calendar because other matters were

scheduled for trial in the same court on June 18, 2018.[1] We reject this argument. Dilley's trial date was confirmed at the May 31, 2018, final pre-trial conference in this matter. The State's written continuance motion and its oral argument on that motion were based on Rule 4(D), not court congestion. At the June 5, 2018, hearing on the continuance motion, the trial court did not orally indicate when granting the continuance that court congestion factored into its decision, and the trial court did not cite court congestion in its written order granting the continuance.

[20] Dilley was not brought to trial by June 19, 2018. He preserved his speedy trial right by objecting to the Rule 4(D) continuance before the trial court granted it and reset his trial date outside of the seventy-day period. *See Otte v. State*, 967 N.E.2d 540, 544 (Ind. Ct. App. 2012) (holding that defendant preserved his speedy trial claim by objecting to a new trial date even though he did not also move for discharge), *trans. denied*. As such, Dilley was entitled to discharge of the charges against him.[2]

---

[1] In support of this argument, the State filed motions to compel the preparation and transmission of supplemental transcripts of hearings held in this and another criminal matter, *State v. Aldridge*, Cause Number 46D01-1606-FA-3. Although the State's request for the *Aldridge* transcript was initially held in abeyance for the writing panel to address, on September 11, 2019, the motions panel of the court ordered all of the supplemental transcripts, which had already been prepared, to be transmitted to the Clerk of Courts, who docketed the supplemental transcripts on September 17, 2019. Therefore, it appears that all pending motions related to the transcripts have been resolved. In its Brief, the State requested that we permit it to submit a second Brief after the transmission of the supplemental transcripts. The State did not file a separate motion requesting that relief. Given our resolution of the case, we hereby deny that request.

[2] Because we conclude that Dilley was entitled to discharge, we do not address the sufficiency of the evidence supporting his convictions.

# CONCLUSION

Based on the foregoing, we conclude that Dilley has demonstrated that the trial court's grant of the Rule 4(D) continuance under the facts and circumstances of this case constituted *prima facie* error.

Reversed.

Vaidik, C. J. and Bradford, J. concur