

I N T H E

# Court of Appeals of Indiana



FILED

Jun 23 2025, 10:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Nikki Lynne Moore,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

June 23, 2025

Court of Appeals Case No.
24A-CR-2507

Interlocutory Appeal from the Vanderburgh Circuit Court

The Honorable Ryan C. Reed, Magistrate

Trial Court Cause No.
82C01-2204-F5-2072

---

**Opinion by Judge Foley**
Judges Mathias and Felix concur.

**Foley, Judge.**

[1] Nikki Lynne Moore ("Moore") brings this interlocutory appeal challenging the denial of her motion for discharge and dismissal under Criminal Rule 4(C). Concluding that the period of delay at issue was authorized under Criminal Rule 4(D)—and therefore, the time period involved does not necessitate discharge—we affirm the denial of the motion for discharge under Criminal Rule 4(C) and remand for further proceedings.

## Facts and Procedural History

[2] On April 13, 2022, the State charged Moore with two counts of neglect of a dependent resulting in bodily injury, each as a Level 5 felony, and two counts of battery resulting in bodily injury to a person less than fourteen years of age, each as a Level 5 felony. Due to the nature of the case and the alleged injuries the victims sustained, the State subpoenaed Dr. Cortney Demetris ("the Witness"), a pediatrician employed with Peyton Manning Children's Hospital and Riley Children's Hospital, to testify at trial.

[3] The trial setting was continued on numerous occasions due to court congestion, scheduling conflicts with defense counsel, and a continuance requested by the State. On February 26, 2024, the trial was rescheduled for July 1, 2024. However, on June 20, 2024, eleven days before trial, the State was informed by email that the Witness was having emergency surgery the following day and due to the surgery, the Witness was "definitely going to be out all of next week and could be out the following week." Appellant's App. Vol. 2 p. 45. The

State requested an update on the Witness's recovery and ability to attend trial, and on June 24, 2024, the Witness's assistant informed the State by email that it was "very unlikely that [the Witness] will be able to travel to Evansville for the July 1st hearing." *Id*. at 44. The State filed a motion to continue on June 27, 2024, based upon the Witness's unavailability for the trial, but did not cite to Criminal Rule 4(D). After a hearing on the motion to continue conducted the next day, the trial court denied the State's motion citing concerns regarding Criminal Rule 4(C) and affirmed the July 1 trial setting.

[4] On June 30, 2024, a Sunday afternoon, the State filed a motion for reconsideration of its continuance request citing Criminal Rule 4(D) as support, indicating that the Witness was "currently unavailable due to receiving emergency surgery[.]" *Id*. at 41. The same day, the court conducted a conference call with counsel, wherein the court granted the State's motion over defense's objection and continued the jury trial pursuant to Criminal Rule 4(D). The call was neither recorded nor transcribed.[1] At a hearing held the next morning, the trial court reset Moore's trial date for August 19, 2024. Thereafter, on July 8, 2024, Moore, by counsel, filed a motion for discharge and dismissal, which was set for hearing on September 11, 2024.

[5] At the hearing, the Witness provided testimony regarding her emergency surgery, her doctor's advisements as to recovery, and the unexpected side

---

[1] We note that neither party provided a statement of evidence regarding the June 30, 2024 conference call. *See* Ind. Appellate Rule 31.

effects she experienced as a result of the surgery. The trial court denied Moore's motion for discharge and affirmed the trial for September 23, 2024. On September 17, 2024, Moore filed a motion to certify the order for interlocutory appeal and stay the proceedings, which the trial court granted the next day. Moore now appeals.

## Discussion and Decision

[6] "Both the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution guarantee an accused the right to a speedy trial." *Small v. State*, 112 N.E.3d 738, 741 (Ind. Ct. App. 2018) (citing *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012)). "We generally review a trial court's ruling on a motion for discharge for an abuse of discretion." *Battering v. State*, 150 N.E.3d 597, 600 (Ind. 2020) (citing *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011) (citation omitted). "We review a trial court's decision to grant a continuance under Criminal Rule 4(D) for an abuse of discretion, and the reasonableness of any delay must be judged in the context of the particular case." *Miller v. State*, 72 N.E.3d 502, 511 (Ind. Ct. App. 2017), (citing *Smith v. State*, 982 N.E.2d 393, 401 (Ind. Ct. App. 2013), *trans. denied*), *aff'd in relevant part*, 77 N.E.3d 1196 (Ind. 2017). "An abuse of discretion occurs if the decision of the trial court is clearly against the logic and effect of the facts and circumstances before the trial court." *Small*, 112 N.E.3d at 741 (citing *Miller*, 72 N.E.3d at 513). "We evaluate the reasonableness of the State's request for a trial delay in light of the information known or available to it at the time of the request." *Id*. at 743.

[7] Moore appeals the trial court's decision to deny her motion for discharge and dismissal pursuant to Criminal Rule 4(C), which generally provides a one-year window for holding a trial. Criminal Rule 4(D) states that "[i]f a defendant moves for dismissal under this rule, the trial may be continued for ninety days and the defendant released without money bail or surety, subject to such restrictions and conditions as determined by the court[.]" Here, there is no dispute as to the timing of either the State's motion for extension and reconsideration or Moore's motion for discharge and dismissal. For the trial court to grant the State's motion under Criminal Rule 4(D) the State must show:

> (1) there is evidence the state would be entitled to present at trial; (2) the evidence is presently unavailable; (3) a reasonable and diligent effort was made to procure the evidence in a timely manner prior to moving for an extension of time; and, (4) the evidence can be obtained within ninety days.

Our court has previously stated that "when the unavailable evidence is a particular witness, the 'reasonable effort' requirement of [Rule 4(D)] is satisfied where the State is not at fault for the absence of the witness." *Griffin v. State*, 695 N.E.2d 1010, 1013 (Ind. Ct. App. 1998).

[8] Moore argues that the trial court erred in granting the State's motion for extension under Criminal Rule 4(D), thus exceeding the one-year window permitted to bring Moore to trial under Criminal Rule 4(C). Specifically, Moore argues that the State failed to demonstrate reasonable diligence to determine the availability of the Witness at any time after the June 24 email and

prior to the Sunday telephone conference, and had the State done so, it would have learned that the Witness was available to testify at the July 1 trial. Thereafter, Moore argues that the State failed to demonstrate that the Witness would be available to testify within ninety days.

[9] We agree with Moore that in order to satisfy its duty of diligence, the State must disclose not only what was known to it, but also the information reasonably available. Moore argues that had the State refreshed its information on the Witness's post-surgery recovery at some time after the June 24 email and prior to the Sunday, June 30 telephone conference, it would have learned additional information regarding the Witness's recovery or that the Witness was indeed available. Therefore, Moore argues that the Witness's absence and resulting delay in the trial was avoidable and attributable to the State's lack of diligence. *See Small*, 112 N.E.3d at 744 (explaining that the State's lack of diligence in requesting lab testing was an "avoidable delay [that] rendered the State's efforts unreasonable").

[10] Moore points to the fact that the Witness worked a half day on July 1 as conclusive evidence that she was available to testify at trial. However, based upon the record before us, we cannot say that the facts support that conclusion. First, there is no direct evidence as to whether she was or was not able to make the 6 hour round trip to Evansville to testify on July 1. Despite the Witness testifying at the discharge hearing, neither party asked her whether she deemed herself able to testify in the days leading up to July 1. Moreover, there was also no evidence presented as to when the Witness decided to return to work on July

1. Her testimony did establish that her vertigo resolved on July 1, but the Witness still could not drive, her brother had to drive her to work, and she only worked for half a day. *See* Tr. Vol. 2 p. 30.

[11] Based upon the record before us, we cannot conclude that the Witness was available to testify, nor do we conclude that the State failed to exercise reasonable diligence to determine whether the Witness was able to testify. It is true that the State had the means and ability to at least attempt to obtain a refreshed update on the Witness's recovery, but based upon the record before us, we can only speculate what such an update would have revealed. The mere fact that the Witness did work at least a portion of the day does not mean that the State failed to take reasonable steps to secure her presence at trial. *See McGhee v. State*, 192 N.E.3d 1009, 1019 (Ind. Ct. App. 2022) (explaining "[T]he fact that the State ultimately received the forensic laboratory report prior to the seventy-day deadline does not demonstrate that the State failed to take reasonable steps to procure that evidence.").

[12] Finally, Moore claims that the State failed to demonstrate that the Witness would be available to testify within ninety days. After granting the State's request for a continuance during the Sunday telephone conference, the trial court set the matter for a hearing on July 1 in order to reschedule the trial. At the July 1 hearing, the trial court rescheduled the trial for August 19, 2024, well within the 90 days allotted under Rule 4(D). There is no evidence that the availability of the Witness would have necessitated continuing the trial date

beyond August 19, 2024.  As such, the State has satisfied this requirement of Rule 4(D).

[13]   Therefore, we conclude that the trial court did not abuse its discretion in finding the requirements of Criminal Rule 4(D) were met and did not abuse its discretion in denying Moore's request for discharge and dismissal under Criminal Rule 4(C).

[14]   Affirmed and remanded.

Mathias, J. and Felix, J., concur.

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
LaPlante Legal, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana